532 A.2d 472

Anthony A. GENTILE, Appellee,

v.

WEST AMERICAN INSURANCE EXCHANGE, Appellant,

v.

ERIE INSURANCE EXCHANGE, Appellee.

Superior Court of Pennsylvania.

Argued April 30, 1987.

Filed Oct. 16, 1987.

---

Stephen P. McCloskey, Washington, for appellant.

Timothy P. O'Brien, Pittsburgh, for Gentile, appellee.

Richard C. Levine, Pittsburgh, for Erie Ins., appellee.

Before CIRILLO, President Judge, and MONTEMURO and TAMILIA, JJ.

MONTEMURO, Judge:

Appellant West American Insurance Company challenges the dismissal of its joinder complaint against appellee Erie

Insurance Exchange. This appeal presents a single issue: when an employer fails to obtain worker's compensation benefits coverage for his or her employees, and one of those employees suffers injuries in a work-related motor vehicle accident while riding in the employer's vehicle, is payment of first party benefits pursuant to the Motor Vehicle Financial Responsibility Law the duty of the employer's motor vehicle insurance carrier or the employee's motor vehicle insurance carrier? Under the circumstances of this case, we find that payment of first party benefits was the responsibility of the employee's carrier. We therefore affirm the order of the Allegheny County Court of Common Pleas in favor of appellee Erie Insurance Exchange.

Appellee Anthony A. Gentile instituted the underlying action in this case against West American. Mr. Gentile suffered injuries in an automobile accident on January 31, 1986, while in the course of his employment with Richard W. Grice Remodeling. At the time of the accident, Mr. Gentile was a passenger in an automobile owned and operated by his employer, Richard Grice. Unfortunately, Mr. Grice had failed to obtain workers' compensation coverage for his employees even though section 305 of the Pennsylvania Workmen's Compensation Act, 77 P.S. § 501, required him to do so. Mr. Gentile therefore applied to West American for payment of first party benefits under a policy of insurance that West American had issued to Mr. Gentile's mother pursuant to the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 *et seq.* West American denied the application on the belief that payment of first party benefits in the absence of worker's compensation was the responsibility of the *employer's* first party benefits carrier, not the *employee's* carrier. In support of their refusal to pay, West American cited the opinion of this court in *Harleysville Ins. Co. v. Wozniak,* 347 Pa.Super. 356, 500 A.2d 872 (1985).

The first party benefits carrier on Richard Grice's automobile at the time of the accident was appellee Erie Insurance Exchange. West American attempted to join Erie as a

third party defendant in the action filed by Mr. Gentile. Erie responded by demurring to West American's joinder complaint. The trial court sustained the demurrer and dismissed Erie from the action. This appeal followed.[1]

■ The trial court in this case based its decision on Section 1713 of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1713. Since the repeal of the Pennsylvania No-fault Motor Vehicle Insurance Act[2] in 1984, the Financial Responsibility Law has governed "first party benefits" coverage in motor vehicle insurance policies. Section 1713(a) establishes an "order of priority," from which the motor vehicle accident victim can determine the appropriate source of first party benefits when more than one policy of insurance covers the accident in question. The priority of coverage under this provision descends in the following order:

(1) For a named insured, the policy on which he is the named insured.

(2) For an insured, the policy covering the insured.

(3) For the occupants of an insured motor vehicle, the policy on that motor vehicle.

(4) For a person who is not the occupant of a motor vehicle, the policy on any motor vehicle involved in the accident.

75 Pa.C.S. § 1713(a). Although Mr. Gentile was not a "named insured" under either of the two policies here at issue, the trial court correctly concluded that Mr. Gentile was an "insured" under the policy issued by West American to Mr. Gentile's mother pursuant to the Financial Responsibility Law. Section 1702 of the Law defines "insured" as "a spouse or other relative" of a "named insured" who resides "in the household of the named insured." 75 Pa. C.S. § 1702. None of the parties in this case dispute that

1. Only West American and Erie filed briefs on appeal. Mr. Gentile has joined in the brief filed by Erie.

2. Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 *et seq., repealed by* Act of February 12, 1984, P.L. 26, No. 11, § 8(a), eff. Oct. 1, 1984.

Mr. Gentile resided with his mother and that the West American policy identifies Mr. Gentile's mother as an insured by name. Because the West American policy plainly covers Mr. Gentile as an "insured," and because Mr. Gentile does not qualify as a "named insured" on any other applicable coverage, the West American policy by default falls first in the "order of priority" established by Section 1713(a). On the other hand, Mr. Gentile does not qualify as an "insured" under the policy issued to his employer by Erie Insurance Exchange. His entitlement to first party benefits under the Erie policy rests entirely upon the claim that he occupied a motor vehicle covered by Erie at the time of the accident. The Erie policy therefore falls behind the West American policy in the ordained "order of priority." We agree with the trial court that the General Assembly "clearly enunciated" its scheme of priorities in Section 1713 and that this scheme controls the result here. The West American policy is the appropriate source of first party benefits.

West American nevertheless insists that our decision in *Harleysville Ins. Co. v. Wozniak, supra,* controls the present case. We disagree. In *Wozniak,* we construed Section 204 of the now-repealed No-fault Act. Like Section 1713(a) of the Financial Responsibility Law, Section 204(a) established an "order of priority" among applicable sources of first party benefits. Unlike Section 1713(a), however, Section 204(a) established that the first source of benefits for an employee who suffered injuries while "driving or occupying" an employer's motor vehicle was the No-fault policy "covering such motor vehicle." 40 P.S. § 1009, 204(a)(1). We therefore concluded in *Wozniak,* under circumstances similar to those in the present case, that the employer's No-fault carrier was the appropriate source of first party benefits for the injured employee, in the absence of worker's compensation. We conclude otherwise here because the "order of priority" provision in the Financial Responsibility Law plainly differs from the No-fault provision upon which we based our decision in *Wozniak.* We cannot ignore the difference. Our reasoning in *Wozniak*

does not support the broad proposition that, in the absence of worker's compensation, the employer's motor vehicle insurance carrier must always bear the responsibility for payment of first party benefits to an employee injured in the employer's motor vehicle.

Our holding here does not allow Mr. Grice to escape the consequences of his failure to furnish worker's compensation coverage for his employees. As we observed in *Wozniak, supra,* Section 305 of the Workmen's Compensation Act, 77 P.S. § 501, enables the injured employee to pursue an action "for damages at law" against the irresponsible employer. Our holding, moreover, does not eliminate the employer's motor vehicle insurance carrier as a source of first party benefits for an injured employee. If Mr. Gentile had not qualified as an "insured" under the West American policy, the coverage issued to Mr. Grice by Erie Insurance Exchange would have constituted the only available source of first party benefits in this case. Absent the West American policy, which preceded the Erie policy in order of priority, Mr. Gentile could have recovered first party benefits from Erie without compromising his right to assert a claim "for damages at law" against Mr. Grice. To this extent, our holding in *Wozniak* retains its vitality, even though it does not control under the particular circumstances.[3]

The trial court therefore correctly concluded that Erie Insurance Exchange was not the appropriate source of first party benefits for Mr. Gentile in this case. Because the joinder complaint lacks any averments of fact that would support a finding of liability against Erie, *see Eckrich v. DiNardo,* 283 Pa.Super. 84, 423 A.2d 727 (1980), the court properly sustained the demurrer. In reviewing an order that sustains a demurrer, of course, we accept as true all averments of material fact in the challenged pleading

3. We recognize that our holding in *Wozniak* rested on sound policy as well as on statutory construction. The language of the Financial Responsibility Law, however, is plain. We cannot disregard the plain meaning of a statute "under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b).

together with all inferences that we can reasonably deduce from those averments. *See Kyle v. McNamara & Criste,* 506 Pa. 631, 487 A.2d 814 (1985); *Mahoney v. Furches,* 503 Pa. 60, 468 A.2d 458 (1983); *Halliday v. Beltz,* 356 Pa.Super. 375, 514 A.2d 906 (1986); *Leach v. Hough,* 352 Pa.Super. 213, 507 A.2d 848 (1986). This case is free of all factual and legal doubt. The plain language of the Financial Responsibility Law applied to the undisputed facts supports the action of the trial court.

For the above reasons, we affirm the order in which the Allegheny Court of Common Pleas dismissed appellee Erie Insurance Exchange as a third party defendant in this action.

Order affirmed.