535 A.2d 631

**CONNECTICUT INDEMNITY COMPANY, A Subsidiary of Security Insurance Group, Appellant,**

**v.**

**Nicholas CORDASCO; Juan Jaimie Fuentes; State Farm Mutual Automobile Insurance Company.**

Superior Court of Pennsylvania.

Argued Oct. 15, 1987.

Filed Dec. 31, 1987.

James F. Manley, Pittsburgh, for appellant.

Frank M. Gianola, Pittsburgh, for State Farm, appellee.

Before BROSKY, DEL SOLE and HOFFMAN, JJ.

BROSKY, Judge:

This is an appeal from a judgment entered against appellant in a declaratory judgment action.[1]  Appellant is the provider of insurance coverage under a "garage policy" to Gillner Motors whose vehicle was involved in a traffic accident.  Appellee State Farm provided appellee Juan Fuentes with automobile insurance.  Fuentes, an employee of Gillner Motors, was driving the Gillner vehicle during the collision at issue.  Appellant brought this action to determine which insurance provider was responsible for coverage of the accident.  Upon consideration of oral and written argumentation of all parties.  We affirm the judgment in part, reverse in part and remand for proceedings consistent with this opinion.

The facts in this case are undisputed.  On October 2, 1982, Juan Fuentes was operating a motor vehicle which was owned by his employer, Gillner Motors, Inc., when he was involved in an accident with a vehicle driven by Nicholas Cordasco.  Mr. Cordasco received personal injuries in the collision.  Juan Fuentes was not operating the vehicle

---

1.  The appeal at No. 00188 Pittsburgh, 1987, from the December 11, 1986 order denying appellant's motion for summary judgment, is dismissed as premature as the order did not enter judgment in either party's favor and the order was not reduced to judgment until December 30, 1986.  See *Progressive Home Federal Savings & Loan v. Kocak*, 359 Pa.Super. 120, 518 A.2d 808 (1987).

The appeal at No. 00190 Pittsburgh, 1987 regards judgment entered in favor of Fireman's Insurance Company of Newark, New Jersey and against appellant.  As appellant does not address error in the entry of this judgment in its brief, and as we find that the judgment was properly entered we affirm that judgment.  We address only the judgment in favor of appellee State Farm and against Connecticut Indemnity.

owned by Gillner Motors as an employee, or agent of Gillner Motors at the time of the accident. Mr. Fuentes' personal automobile was being repaired at Gillner Motors and needed a carburetor which was ordered through the Parts Department of Gillner Motors, an auto dealership. The Gillner Motor vehicle was loaned to Mr. Fuentes until the carburetor was received and installed in his automobile.

At the time of the accident in question, Mr. Fuentes carried automobile insurance on his personal automobile through State Farm Mutual. Gillner Motors had a garage policy through Appellant, Connecticut Indemnity Company. The trial court determined that appellant had a duty to provide coverage of the accident and that appellee State Farm had no duty to provide either primary or excess coverage.

■ Appellant's first argument is that Fuentes was a customer of Gillner Motors and therefore falls into the following exclusion in the Connecticut policy:

**For Covered Autos.**

a. You are an insured for any covered auto.

b. Anyone else is an insured while using with your permission a covered auto except:

`   .    .    .    .    .    .`

(3) Your customers, if your business is shown in ITEM ONE of the declarations as an auto dealership. However, if a customer of yours:

`   .    .    .    .    .`

Appellant argues that Fuentes was a customer of Gillner Motors as he purchased the carburetor to be installed from Gillner's Parts Department. The trial court found that Fuentes was not a customer and also suggested that the exclusion applied only to customers of the dealership part of the business where garage owner and dealership are one and the same. We agree with this interpretation of the policy. Simplifying the language quoted above the garage policy provides coverage for any individual using a "covered auto", one declared for coverage under the policy, with

permission of the policyholder. The exception cited by appellant indicates non coverage of individuals using a covered auto who are customers *if* the policyholder's business is that of an auto dealership. In a previous section of the policy, coverage is excluded for covered autos while leased or rented to others. However, that exclusion does not apply if the covered auto is rented to "one of *your* customers while his or her *auto* is left with *you* for service or repair." (Emphasis in original). The latter exclusion would appear to provide coverage to customers of the *garage* who are given replacement vehicles while theirs are being serviced, while excluding coverage to those who lease or rent the vehicle without leaving their own for service or repair. Perhaps such rental transactions take place during periods where the garage no longer needs the vehicle and decides to rent it out instead of letting it sit around. When the sections are read together they make sense. Coverage is provided to individuals who are customers of the garage if they are using a covered vehicle while theirs is being serviced or repaired. However, customers of the auto dealership are not covered under the garage policy, unless they meet one of the subsections following that exclusion, nor are individuals who lease or rent a covered vehicle from the garage where their own auto is not being serviced or repaired. Consequently, we find the exclusion relied upon by appellant not applicable to this case.

Appellant next argues that the accident did not result from garage operations. However, "garage operations" is defined in the policy as including use of a covered auto which is the case here. Consequently, we find this argument to be without merit and at this juncture, we must conclude that coverage applies under appellant Connecticut's policy.

Appellant's third argument is that the State Farm policy issued to Fuentes provides primary coverage of the accident. The State Farm policy does provide liability coverage to an insured when using a "temporary substitute car." State Farm does not contend that the vehicle Fuentes was

driving was not a temporary substitute vehicle. However, State Farm points to its "other insurance" provisions and argues that these provisions limit the extension of liability coverage so that it does not encompass the situation here. The key provision reads:

3. Temporary Substitute Car, Non–Owned Car, Trailer.

If a temporary substitute car, a non-owned car or a trailer designed for use with a private passenger car or utility vehicle has other vehicle liability coverage on it, then this coverage is excess. THIS COVERAGE SHALL NOT APPLY:

a. IF THE VEHICLE IS OWNED BY ANY PERSON OR ORGANIZATION IN A CAR BUSINESS; and

b. IF THE INSURED OR THE OWNER HAS OTHER LIABILITY COVERAGE WHICH APPLIES IN WHOLE OR IN PART AS PRIMARY, EXCESS OR CONTINGENT COVERAGE.

In light of this provision and the facts of the case, the trial court concluded that "the conditions are present which would exclude coverage from State Farm under the terms of their insurance contract with Fuentes." However, appellant argues that this provision is an "escape clause" and thus unenforceable under our law.

The Third Circuit Court of Appeals discussed escape clauses in insurance contracts in *Insurance Company of North America (INA) v. Continental Casualty Company*, 575 F.2d 1070 (3d. Cir.1978). There they stated:

"Other insurance" clauses generally fall into three categories—prorata, escape, and excess; the latter two varieties are material here. An "excess" clause purports to provide protection to the insured in addition to other coverage which might be available to him. Since it does not provide that supplemental protection until the other policy has been exhausted, it is "excess" to the other coverage. An "escape" clause provides that the company invoking it is relieved from any obligation to the insured if other coverage is available. Because the company may

"escape" responsibility under its policy if that clause is given effect, not unexpectedly, "escape" clauses are generally in disfavor with the courts.

*Id.* at 1072. State Farm argues that their clause is not an "escape clause" but instead a limitation on the extension of liability coverage while an insured is driving a temporary substitute vehicle. We cannot agree. As explained by Judge Weis, writing for the Third Circuit in *INA v. Continental Casualty,* supra, an escape clause is one which purports to relieve the insurer from any obligation to the insured if other coverage is available. This is exactly what the subsections of the State Farm policy, quoted above, attempt to accomplish. By its very terms, coverage would be available to Fuentes under the State Farm policy if he was not covered under the Connecticut garage policy issued to Gillner Motors. Furthermore, we have no difficulty with the fact that the escape provision is tied to an excess coverage provision. The Third Circuit, in the *INA* case, dealt with a similar clause. There the Continental clause purported to give excess coverage, but only if the policy limits afforded under the Continental policy exceeded the limits of the other applicable policy. The INA policy provided greater coverage and, hence, under the terms of its policy Continental had no obligation to insure. The Third Circuit found the clause, as applied to the facts of that case, an escape clause. Similarly, as applied to this case, the State Farm policy has an escape clause which purports to relieve State Farm from coverage of Fuentes.

In *Grasberger v. Liebert and Obert, Inc.,* 335 Pa. 491, 6 A.2d 925 (1939), our Supreme Court was faced with competing "other insurance" clauses. One was an escape clause, the other an excess clause. The Supreme Court disregarded the escape provision. Similarly, in the *INA* case, the Third Circuit disregarded the escape/excess clause and found Continental fully liable for the disputed amount. Thus, it appears that the weight of authority instructs us to strike the escape clause or provision and enforce the policies as if the escape provision did not exist. The State Farm

policy provides for "excess" coverage to insured individuals driving temporary substitute cars with other liability coverage. It is this coverage from which State Farm attempts to "escape" under the offensive passages. Disregarding the escape provisions, State Farm is obligated to provide excess coverage to Fuentes. Accordingly, we affirm the judgment to the extent that it holds appellant responsible for providing primary coverage to Fuentes. We reverse the judgment to the extent it finds that appellee State Farm has no obligation to provide coverage. We remand for modification of the judgment to reflect State Farm's responsibility for providing excess coverage to Fuentes.

The appeal at No. 00188 Pittsburgh, 1987 is dismissed.

The judgment entered at No. 00189 Pittsburgh, 1987 is affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.

The judgment entered at No. 00190 Pittsburgh, 1987 is affirmed.

Jurisdiction is relinquished.