573 A.2d 225

**Michele FRYER, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Harleysville Insurance Company and William Leslie, Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 10, 1990.

Filed April 18, 1990.

James M. Marsh, Philadelphia, for appellant.

William H. Pugh, IV, Norristown, for appellees.

Before DEL SOLE, MONTEMURO and TAMILIA, JJ.

MONTEMURO, Judge:

In this appeal, the appellant, Michele Fryer, challenges the dismissal of her complaint against appellee Harleysville Insurance Company. Fryer was involved in an automobile accident on October 21, 1981. At the time of the accident, her own automobile was being serviced by Verrena Buick–Olds ("Verrena"). When the accident occurred, Fryer was operating an automobile which had been loaned to her by Verrena Buick–Olds. Harleysville Insurance Company insured vehicles owned by Verrena, but the following clause was included in the insurance policy:

D.  WHO IS AN INSURED.

1.  For Covered Autos.

    a.  You are an insured for any covered auto.

    b.  Anyone else is an insured while using with your permission a covered auto except:

. . . .

(3) Your customers, if your business is shown in ITEM ONE of the declarations as an auto dealership. However, if a customer of yours:

(a) Has no other available insurance (whether primary, excess or contingent), he or she is an insured but only up to the compulsory or financial responsibility law limits where the covered auto is principally garaged.

(b) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered auto is principally garaged, he or she is an insured only for the amount by which the compulsory or financial responsibility law limits exceed the limits of his or her other insurance.

At the time of the accident, Fryer was an insured under her father's policy with Allstate Insurance Company. Fryer filed a complaint for declaratory judgment, contending that Harleysville is the primary insurer under the circumstances of this case. The trial court sustained Harleysville's preliminary objections, finding that Fryer is not an insured under the terms of the Harleysville insurance policy. Following a careful review of the record before us, in light of relevant case law, we find that the trial court erred in holding that the disputed clause in the Harleysville policy is not an unenforceable "escape" clause. Accordingly, we reverse and remand this matter for further proceedings in the trial court.

An "escape" clause has been generally defined as a clause which purports to relieve the insurer of any obligation to an insured if the insured has other available insurance coverage. In *Connecticut Indemnity Company v. Cordasco*, 369 Pa.Super. 439, 535 A.2d 631 (1987), Juan Fuentes was operating a motor vehicle loaned to him by Gillner Motors while his own auto was being repaired at Gillner Motors. Fuentes became involved in an accident with Cordasco, and Cordasco suffered personal injuries as a result. The auto owned by Gillner Motors was insured by

Connecticut Indemnity Company, and the terms of the policy covered the situation where the auto was loaned to a customer while his or her own auto was left at Gillner Motors for repair. The Connecticut Indemnity Company argued that Fuentes' own insurer, State Farm, was the primary insurer under the circumstances. State Farm relied upon the following provision in its policy with Fuentes in contending that it was not obligated to provide any liability coverage:

> 3. Temporary Substitute Car, Non–Owned Car, Trailer. If a temporary substitute car, a non-owned car or a trailer designed for use with a private passenger car or utility vehicle has other vehicle liability coverage on it, then this coverage is excess. THIS COVERAGE SHALL NOT APPLY:
>
> a. IF THE VEHICLE IS OWNED BY ANY PERSON OR ORGANIZATION IN A CAR BUSINESS; and
>
> b. IF THE INSURED OR THE OWNER HAS OTHER LIABILITY COVERAGE WHICH APPLIES IN WHOLE OR IN PART AS PRIMARY, EXCESS OR CONTINGENT COVERAGE.

*Id.* at 442, 535 A.2d at 633.

This Court, in *Cordasco*, recognized that escape clauses are generally disfavored in the law. In concluding that the clause in the State Farm policy was an unenforceable escape clause, we noted that "[b]y its very terms, coverage would be available to Fuentes under the State Farm policy if he was not covered under the Connecticut garage policy issued to Gillner Motors." *Id.* We then held that State Farm was obligated to provide excess coverage to Fuentes, because the "weight of authority instructs us to strike the escape clause or provision and enforce the polic[y] as if the escape provision did not exist." *Id.*

The *Cordasco* decision was relied upon by Third Circuit Court of Appeals in *Automobile Underwriters, Inc. v. Fireman's Fund Insurance Companies*, 874 F.2d 188 (3rd Cir.1989), in analyzing a case factually analogous to the case at bar. There, William Loving had leased a car from

Ramsey–Sturman Ford, Inc. ["Ramsey"], while he left his own car at Ramsey for repairs. While operating the leased auto, Loving struck and killed a pedestrian, Eric Nelson. The Court of Appeals had to decide whether the following provision in a policy issued to Ramsey by Fireman's Fund was an unenforceable "escape" clause:

Anyone else is an insured while using with your permission a covered auto except:

*     *     *     *     *     *

(3) Your garage operations customers. However, if a garage customer of yours ...

(a) Has no other available insurance (whether primary, excess or contingent), he or she is an insured only up to the compulsory or financial responsibility law limits where the covered auto is principally garaged.

(b) Has other available insurance (whether primary, excess, or contingent), less than the compulsory or financial law limits where the covered auto is principally garaged, he or she is an insured only for the amount by which the compulsory or financial responsibility law limits exceeds the limits of his or her other insurance.

*Id.* at 189–190. The district court had determined that the provision was not an "escape" clause, but an "excess" clause and, consequently, the court had granted summary judgment in favor of Fireman's Fund. The district court had reasoned that "(b)ecause Loving has other insurance which exceeds the statutory minimum required by Pennsylvania, Loving is not an insured under the Fireman's Fund primary policy." *Id.* at 190. The Court of Appeals reversed, striking the provision as an unenforceable escape clause which worked to relieve the insurer from any obligation to its insured if other coverage is available. In rejecting the position that the Fireman's Fund provision could not properly be labelled as an "escape" clause, because the provision would have provided coverage where the garage customer was without minimum coverage required under the law, the Court of Appeals opined:

... No escape clause exonerates the company from liability in *all* situations; all such clauses by definition contemplate the possibility that no other insurance policy will provide coverage, but it is only in the event of that contingency that the insurer will be responsible.

The policy reason for nullifying escape clauses was discussed in ... where we noted that such a rule protects the interests of the insured; that companies who write insurance in the state are aware of the rule; and that applying it would promote certainty in a field of law where predictability was particularly desirable.

*Id.* at 193 (emphasis in original) (citation omitted).

Instantly, the Harleysville policy purports to insure customers of Verrena Buick–Olds, but only under specific circumstances. Thus, customers such as Fryer will qualify as insureds under the Harleysville policy except where they have other available insurance coverage. Fryer would be an insured under the Harleysville policy except for the fact that she was insured at the time of the accident under a policy issued to her father by Allstate Insurance Company. Under the terms of the Harleysville policy, this fact relieved it of liability to Fryer. We find that the provision at issue in the present case falls within the classic definition of an unenforceable escape clause. Whether an insurance company chooses to place such a clause in its policy's definition provisions or in another section of the policy is a distinction without a difference. Our reading of the law convinces us that the Harleysville policy provisions must be enforced as if the escape clause did not exist.

For all of the foregoing reasons, we reverse and remand for further proceedings. Jurisdiction is relinquished.

TAMILIA, J., files a dissenting opinion.

TAMILIA, Judge, dissenting:

I respectfully dissent to the Opinion of the majority which reverses the trial court decision and remands for further proceedings.

This is an appeal from the March 29, 1989 Order of court sustaining appellee's preliminary objections in the nature of a demurrer and dismissing the complaint as to appellee Harleysville Insurance Company only. Appellant was involved in an automobile accident on October 21, 1981 while driving a vehicle owned by Verrena Buick–Olds. She had borrowed the car while her car was being serviced. At the time of the collision, appellant was insured up to $100,000 under a policy issued to her father by Allstate Insurance Company. Harleysville Insurance Company had $500,000 of coverage on insured vehicles owned by Verrena, and a dispute arose over which company was the primary insurer.

Appellant filed a complaint for declaratory judgment seeking to prove Harleysville is the primary insurer and is obligated to defend her in the underlying action. Harleysville filed preliminary objections in the nature of a demurrer; the court sustained the objections and dismissed appellant's complaint as to Harleysville only.

In Pennsylvania, the proper standards for sustaining preliminary objections in the nature of a demurrer are clear. In reviewing an Order sustaining a demurrer, the appellate court must accept as true all averments of material fact in the challenged pleading together with all inferences that can reasonably be deduced from those averments. *Gentile v. West American Insurance Exchange*, 367 Pa.Super. 99, 532 A.2d 472 (1987). A demurrer can be sustained only if it is certain no recovery is permitted. *Douglas v. Schwenk*, 330 Pa.Super. 392, 479 A.2d 608 (1984). I believe thorough examination of the pleadings coupled with a conclusive review of the pertinent provisions of the Harleysville insurance policy, applied subject to these standards, reveal appellant is not an insured under the Harleysville policy, and therefore, she should not recover against Harleysville.

The Harleysville insurance policy provides:

D. WHO IS AN INSURED.

1. For Covered Autos.

    a. You are an insured for any covered auto.

b. Anyone else is an insured while using with your permission a covered auto except:

. . . . .

(3) Your customers, if your business is shown in ITEM ONE of the declarations as an auto dealership. However, if a customer of yours:
(a) Has no other available insurance (whether primary, excess or contingent), he or she is an insured but only up to the compulsory or financial responsibility law limits where the covered auto is principally garaged.
(b) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered auto is principally garaged, he or she is an insured only for the amount by which the compulsory or financial responsibility law limits exceed the limits of his or her other insurance.

(Plaintiff's Complaint, Exhibit A, pp. 2–3.)

The interpretation of an insurance policy is a question of law properly decided by the court. *Young v. Equitable Life Assurance Society of United States*, 350 Pa.Super. 247, 504 A.2d 339 (1986). An insurance policy must be read in its entirety, and its words must be given their plain and proper meanings. *Monti v. Rockwood Insurance Co.*, 303 Pa.Super. 473, 450 A.2d 24 (1982). A court may not rewrite an insurance contract, under the guise of judicial interpretation, to expand coverage beyond that provided in the policy. *Guardian Life Insurance Co. of America v. Zerance*, 505 Pa. 345, 479 A.2d 949 (1984).

The Harleysville policy itself defines who is an insured under the policy. A customer of Verrena's is also an insured only if the customer does not have other available insurance or if such insurance is less than the legal requirements. Appellant admits, in her answer to Harleysville's preliminary objections, she was a customer of Verrena's. In addition, appellant admits she was covered as an insured under the Allstate policy beyond state requirements, and Allstate has admitted coverage (Plaintiff's Complaint, p. 3).

Hence, appellant is not an insured under the terms of the Harleysville policy.

However, appellant contends the Harleysville policy provision specifically outlining who is an insured is an invalid escape clause. An escape clause is one that purports to relieve the insurer of an obligation to the insured if other coverage is available. *Connecticut Indemnity Co. v. Cordasco*, 369 Pa.Super. 439, 535 A.2d 631 (1987). In my opinion, appellant mischaracterizes the "Who is an Insured" provision, which simply defines an insured under the policy, as an escape clause. Contrary to appellant's assertion, the provision does not purport to relieve Harleysville of an obligation to her as an insured. As indicated above, I do not believe appellant is an insured under the Harleysville policy. Harleysville is, therefore, not escaping any obligation to appellant because it never had an obligation to her as she is not an insured. Moreover, appellant has mistakenly relied on *Connecticut Indemnity Co. Id.; Grasberger v. Liebert & Obert, Inc.*, 335 Pa. 491, 6 A.2d 925 (1939) and *Insurance Co. of North America v. Continental Casualty Co.*, 575 F.2d 1070 (3d Cir.1978), all of which involve an insurance company's attempt to escape an obligation to its own insured. In the instant case, appellant is only an insured under the Allstate policy, and its provisions are not at issue. Unlike these cases, appellant, as an insured, is not disputing her insurer's attempt to escape coverage but is instead trying to claim coverage under a policy whose definition of an insured does not include her. The reasoning of these cases does not extend that far.

I also find no merit to appellant's second argument the clause violates the Pennsylvania No–Fault Insurance Act, 40 P.S. 1009.104, *repealed*, P.L. 26 No. 11, § 8(a), 2/12/84. The Act provides:

Security Covering a Motor Vehicle.—Every owner of a motor vehicle which is registered or which is operated in this Commonwealth by the owner or with his permission, shall continuously provide security covering such motor vehicle when such vehicle is either present or registered

in the Commonwealth. Security shall be provided for the payment of basic loss benefits, and for the payment of sums up to a total limit of thirty thousand dollars ($30,-000) which the owner or any person operating the vehicle with the express or implied permission of the owner may become liable to pay as damages because of bodily injury or death arising out of any one accident (subject to a sub-limit of fifteen thousand dollars [$15,000] for damages arising out of the bodily injury or death of any one person) and for the payment of damages for injury or to destruction of property in any one accident of amounts up to a total limit of five thousand dollars ($5,000). The owner or any other person may provide security covering a motor vehicle by a contract of insurance with an insurer or by qualifying as a self-insurer or as an obligated government.

The Harleysville policy provides coverage to its *insured's* vehicles in the amount of $15,000/$30,000, and as such, it conforms to the No–Fault Act. Hence, I see no valid basis for relief.

For these reasons, I agree with the trial court's decision to sustain appellee's preliminary objections and dismiss the complaint as to Harleysville.