Elena M. FINIZIO and State Farm Mutual Automobile Insurance Co., Plaintiffs–Appellants,

v.

AMERICAN HARDWARE MUTUAL INSURANCE CO., Defendant-Appellee.

No. 97CA0515.

Colorado Court of Appeals, Div. I.

April 2, 1998.

Rehearing Denied April 30, 1998.

Certiorari Denied Oct. 26, 1998.

Bayer, Carey & McGee, P.C., Gary L. Palumbo, Denver, for Plaintiffs–Appellants.

James R. Florey, Jr., Englewood, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

Plaintiffs, Elena M. Finizio and State Farm Mutual Automobile Insurance Co. (State Farm), appeal from the summary judgment entered against them and in favor of defendant, American Hardware Mutual Insurance Co. (American). We reverse.

Finizio was test driving a car owned by Shortline Imports (Shortline), an automobile dealership, when it collided with a motorcycle, injuring the motorcyclist and his passenger. Shortline was the named insured under a liability policy issued by American covering the vehicle Finizio was driving. Finizio was the named insured under her own liability policy issued by State Farm.

Claiming that Finizio was not an insured according to the terms of its insurance con-  tract with Shortline, American denied coverage under its policy and refused to defend her in a suit brought by the motorcyclist and his passenger. Subsequently, State Farm paid the costs of defending Finizio and the judgment entered against her after a trial. Plaintiffs then filed this declaratory judgment action, seeking coverage and reimbursement under American's policy.

## I.

In the trial court, both parties agreed that Finizio was driving the vehicle with Shortline's permission and that she had liability coverage under her own policy. Based on this, American filed a motion for summary judgment. American argued that, although Finizio was a permissive user, because she had other complying insurance, she was not covered as an insured under its policy. In addition, American asserted that the provision in its policy establishing this exclusion was valid because, pursuant to the requirements of the No–Fault Act, § 10–4–701, et seq., C.R.S.1997, it would still pay Finizio the statutory minimum amount.

The trial court granted American's motion. It agreed that the American policy did not include Finizio, but that, because Finizio was a permissive user of the vehicle, under the No–Fault Act, American constructively was required to provide coverage to Finizio only in the minimum amount.

On appeal, plaintiffs argue that an insurer cannot omit completely from its policy a person to whom coverage otherwise is required by the No–Fault Act but simply pay such coverage, when demanded, under the provisions of the Act. To the contrary, plaintiffs argue, the provision of American's policy which exempts from coverage a permissive user who has other complying insurance is void because it is contrary both to the plain language as well as the legislative intent of the No–Fault Act. Plaintiffs further contend that American was responsible for payment to Finizio under its policy up to its policy limits. We agree.

## A.

The No–Fault Act requires all owners of motor vehicles to obtain an insurance policy in compliance with the Act. *See Allstate Insurance Co. v. Avis Rent–A–Car System, Inc.,* 947 P.2d 341 (Colo.1997) (No–Fault Act applies to rental car companies).

■ Policy provisions that attempt to dilute, restrict, or condition the coverage required by the No–Fault Act are void and invalid. *Winscom v. Garza,* 843 P.2d 126 (Colo.App.1992).

■ Exclusions under a contract of insurance must be consistent with the requirements of the No–Fault Act or they will be void as against public policy. *Coffman v. State Farm Mutual Automobile Insurance Co.,* 884 P.2d 275 (Colo.1994). Thus, if a person seeking coverage is one for whom coverage is required by statute, an insurer cannot limit its statutory obligation by a contractual provision contrary to the requirements of the No–Fault Act.

■ Under § 10–4–703(6), C.R.S.1997, an insured includes any person using the described vehicle with the permission of the named insured. *See Truck Insurance Exchange v. Home Insurance Co.,* 841 P.2d 354 (Colo.App.1992). Accordingly, the Act requires every owner of a motor vehicle to provide liability coverage for bodily injury arising from the vehicle's permissive use. *Wiglesworth v. Farmers Insurance Exchange,* 917 P.2d 288 (Colo.1996); *see also Barnes v. Whitt,* 852 P.2d 1322 (Colo.App. 1993).

■ Here, however, the pertinent provision of the American policy defines an insured as the named insured and anyone else using a vehicle with permission *except:*

Your customers, if your business is shown in the Declarations as an 'auto' dealership. However, if a customer of yours:

(i) Has no other available insurance (whether primary, excess or contingent), they are an 'insured' but only up to the compulsory or financial responsibility law limits where the covered 'auto' is principally garaged.

(ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered 'auto' is principally garaged, they are an 'insured' only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance. (emphasis added)

By its plain terms, this provision improperly narrows the class of insureds to whom American is required by the No–Fault Act to provide coverage. The policy provides liability coverage only for those permissive users who do not have liability coverage of their own or who have other available liability insurance less than the statutory minimum limits required by the No–Fault Act.

The effect of this language is flatly to exclude from coverage those persons, like Finizio, who are permissive users who have their own complying liability insurance. Here, as a permissive user of the vehicle, Finizio would have been an insured under the American policy except for the fact that she was an insured under her own policy at the time of the accident. Thus, by the terms of its policy, American was relieved of liability for which, by statute, it clearly was responsible.

■ We disagree with the trial court that, because minimum coverage is all that is required under the No–Fault Act, American simply was obligated to provide liability coverage under the Act, but not under its policy. Pursuant to § 10–4–703(6), liability coverage *must* include, without exception, "any person using the described motor vehicle with the permission of the named insured." Thus, permitting an insurer completely to exclude from liability coverage a certain category of permissive users because some other form of coverage exists under a separate policy is inconsistent with the requirements of the No–Fault Act.

Accordingly, the clause of the policy at issue here is contrary to public policy and, therefore, is unenforceable. *Cf. Brna v. Farmers Insurance Exchange,* 897 P.2d 851 (Colo.App.1994) (holding invalid policy exclusion for liability injury to insureds who are not members of the same household); *Fryer v. Allstate Insurance Co.,* 392 Pa.Super. 418, 573 A.2d 225 (1990) (exclusion of dealership customers under identical insurance policy provision deemed an unenforceable "escape clause").

**B.**

Plaintiffs also contend that, since the provision excluding permissive users is invalid,

American is required to provide coverage to the limits of its policy. American claims that, even if Finizio is considered an insured under its policy, it is only liable for the minimum statutory amounts mandated by the No–Fault Act. We agree with plaintiffs.

■ If a provision in a contract is void because it is contrary to public policy, the remaining portions of the agreement are enforceable to the extent the invalid provision can be separated from the valid portions. *Meyer v. State Farm Mutual Automobile Insurance Co.*, 689 P.2d 585 (Colo.1984).

Here, Shortline purchased, and American provided, greater liability coverage than the statutory minimum required under the No–Fault Act. The No–Fault Act allows an insurer to issue a policy that provides greater coverage than the minimum amounts required under the Act. Section 10–4–710, C.R.S.1997; *see Meyer v. State Farm Mutual Automobile Insurance Co., supra.*

■ If, as here, an insurer issues a policy in which the limits of coverage are greater than those required by statute, it should not later selectively restrict those limits. Once an exclusion provision, such as the one here, has been invalidated, the insurer should be responsible for coverage to the limits of its policy. *Cf. Brna v. Farmers Insurance Exchange, supra.*

"To hold otherwise would be inconsistent with [the] determination that public policy as reflected in the Act does not permit insurance carriers to limit the class of beneficiaries in a policy of automobile insurance in violation of the Act." *Meyer v. State Farm Mutual Automobile Insurance Co., supra,* 689 P.2d at 593 (discussing household exclusion clause).

American argues that, nevertheless, it should not be required to provide coverage to the limits of its policy because, pursuant to § 10–4–710, any coverage over the statutory minimum amount merely is optional. Here, however, permissive users with other complying insurance were completely excluded. Thus, in the present case it is irrelevant whether, had American included in the policy a provision naming as an insured a permissive user with other complying insurance, it

properly could have limited liability coverage for those persons to the statutory minimum. *Cf. Brennan v. Farmers Alliance Mutual Insurance Co.*, 961 P.2d 550 (Colo.App. No. 96CA1807, January 8, 1998) (nothing in No–Fault Act prohibits the named insured from limiting its purchase of additional PIP coverage by scope, application, or amount).

Therefore, we conclude, because the provision excluding a permissive user who has other available liability insurance is invalid, the limits of American's liability are those provided by its policy and not the statutory minimum amounts required under the No–Fault Act. *See Coffman v. State Farm Mutual Automobile Insurance Co., supra; Meyer v. State Farm Mutual Automobile Insurance Co., supra; Brna v. Farmers Insurance Exchange, supra.*

## II.

■ We also agree with plaintiffs that, under the liability provision of its policy, American's coverage is primary and that American is responsible for the costs of defending the suit at trial.

The pertinent provision of the policy issued by American to Shortline provides that "[f]or any 'covered auto' you own, this Coverage Form provides primary coverage."

Finizio's policy states:

If a temporary substitute car, a non-owned car or a trailer designated for use with a private car or utility vehicle has other vehicle liability coverage on it, then this coverage is excess.

American argues that, even if Finizio is determined to be an insured under its policy, pursuant to *Allstate Insurance Co. v. Avis Rent–A–Car System, Inc., supra,* there should be a *pro rata* apportionment of primary coverage and the costs of defending the action in the trial court between it and State Farm. However, *Allstate* involved conflicting excess insurance clauses. In that situation, because enforcement of both provisions would have denied coverage altogether to the victims of automobile accidents, the supreme court determined the clauses to be mutually repugnant. Here, there is no conflict be-

tween the applicable clauses of the insurance policies.

To the contrary, the policy issued by American to Shortline expressly provides primary insurance for any covered automobile that the dealership owns. Coverage under the State Farm policy, by its terms, is excess when, as here, the insured is driving a non-owned vehicle that has other liability coverage on it. Accordingly, American is responsible as the primary insurer, and for the costs of defending the suit brought by the motorcyclist and his passenger in the trial court. *See National Casualty Co. v. Great Southwest Fire Insurance Co.*, 833 P.2d 741 (Colo.1992) (excess insurer who has funded the defense of an insured may obtain reimbursement of the funds expended from the primary carrier under theories of subrogation and contribution).

The judgment is reversed and the cause is remanded with directions to enter judgment in favor of plaintiffs.

METZGER and ROY, JJ., concur.