**COUNTRY MUTUAL INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**The HERTZ CORPORATION, Defendant–Appellant.**

No. 98CA0756.

Colorado Court of Appeals, Div. I.

May 27, 1999.

Bayer, Carey & McGee, P.C., Terry L. Lutts, Denver, Colorado, for Plaintiff–Appellee.

Anstine, Hill, Richards & Simpson, Ronald C. Hill, Jeffrey J. Richards, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAVIDSON.

In this action for subrogation under an automobile insurance policy, defendant, The Hertz Corporation (Hertz), appeals from the trial court's judgment determining that Hertz was liable for a pro rata share of the expenses incurred by plaintiff, Country Mutual Insurance Company (Country), in defending and settling a suit against a driver who leased a car from Hertz and who was insured by Country. We affirm on different grounds.

When the driver leased a car from Hertz, she declined to purchase a liability insurance supplement (LIS) which would have designated Hertz as the primary provider for liability coverage. Instead, by refusing the LIS, the driver agreed that, under the rental contract, Country, as her insurance carrier, would be the primary insurer.

While driving the rental car, the driver was involved in an accident in which she was at fault. The driver of the other car filed suit against her, seeking compensation for injuries suffered as a result of the accident.

Claiming that the driver had designated Country as her primary liability insurer, Hertz refused to defend her in the suit. Country paid the costs of defending the driver and the amount owed to the injured driver under a settlement agreement.

Country then filed suit, seeking to have Hertz reimburse it for a proportionate share of its expenses. The trial court, finding that Hertz's liability provision was void because it violated public policy, entered judgment for Country and ordered Hertz to pay half the costs of defending the suit and the settlement amount.

The primary issue on appeal is whether the provision in the rental contract purporting to shift primary liability coverage from Hertz to Country is void as against public policy.

In the trial court, in response to Country's motion for summary judgment, Hertz argued that freedom of contract principles allowed a

driver to determine which insurance company will provide primary coverage and that it was not attempting to exclude or limit its statutory obligation to provide liability coverage. Therefore, it maintained that it should be allowed to offer its customers the option of making such designation.

The trial court disagreed. In granting Country's motion, the court determined that Hertz, by allowing the driver to reject Hertz's liability coverage in favor of relying on her own personal insurance, was attempting to avoid having to provide liability insurance as mandated under § 10–4–701, et seq., C.R.S.1998 (No-fault Act). Because a policy provision that seeks to dilute or avoid a legislative mandate is void, the court reasoned, Hertz could not enforce its excess clause and avoid having to provide coverage in this case. We disagree with the trial court's holding and conclude that it is not against public policy for a rental car company and a leasing driver to contract to name the rental company as a secondary provider of liability insurance.

## I.

Summary judgment is appropriate if no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. The burden of showing that no such issue exists is on the moving party and all doubts are to be resolved in favor of the nonmoving party. *Vargas v. State Farm Mutual Automobile Insurance Co.*, 916 P.2d 652 (Colo.App.1996).

## A.

Section 10–4–705, C.R.S.1998, requires every owner of a motor vehicle in this state, including rental car companies, to carry certain minimum insurance coverages as set forth under the No-fault Act. *See Allstate Insurance Co. v. Avis Rent–A–Car System, Inc.*, 947 P.2d 341 (Colo.1997).

 By its plain language, the No-fault Act imposes the responsibility of complying with its requirements on the owner of a motor vehicle. *See Barnes v. Whitt*, 852 P.2d 1322 (Colo.App.1993) (No-fault Act requires

every owner of a motor vehicle to provide liability coverage without exception).

 Here, it is undisputed that Hertz is the owner of the vehicle involved in the accident. Therefore, Hertz, as the owner, is required to provide liability coverage for bodily injury arising from the permissive use of its vehicles.

## B.

 Exclusions under an insurance contract must be consistent with the requirements of the No-fault Act or they will be void as against public policy. *Coffman v. State Farm Mutual Automobile Insurance Co.*, 884 P.2d 275 (Colo.1994). Policy provisions that attempt to dilute, restrict, or condition the coverage required by the No-fault Act are void and invalid. An insurer cannot limit its statutory duty by a contractual provision contrary to the requirements of the No-fault Act. *Finizio v. American Hardware Mutual Insurance Co.*, 967 P.2d 188 (Colo.App.1998).

Here, the pertinent provisions of the Country policy state:

[Country] promise[s] to pay all sums in behalf of an insured which the insured becomes legally obligated to pay as damages because of:

1. bodily injury ... including death resulting from that bodily injury, sustained by any person;

2. damage to or destruction of property

. . . .

If there is other applicable liability insurance for a loss covered by this policy, we will pay only our share of the loss. Our share is determined by totaling the limits of this insurance and all other collectible insurance and finding the percentage of the total which our limits represent. However, any insurance we provide with respect to a vehicle you do not own will be excess over any other collectible insurance.

The challenged provision of the Hertz rental contract states:

If you do not purchase liability insurance supplement (LIS) ... at the commencement of the rental, your insurance coverage will be primary, which means that the protection provided by Hertz by this para-

graph will be secondary, and not in addition to, any valid and collectible insurance that provides coverage for you and/or any authorized operator.

■ Hertz asserts that, because it provides for liability insurance and because it would provide such coverage to a driver without his or her own liability insurance, it has complied with the requirements of the No-fault Act. Further, Hertz asserts, because liability coverage existed under Country's policy and the victims were compensated, the General Assembly's intent to compensate victims of automobile accidents was fulfilled. Therefore, Hertz argues, the contractual provision that allows a driver to shift primary coverage to his or her own insurer is not against public policy. We agree that the LIS provision in the Hertz rental contract is not contrary to the requirements of the No-fault Act.

Although a rental car company, such as Hertz, is required to comply with the No-fault Act by carrying minimum liability coverage on its rental cars, the legal liability provisions of the Act do not specify who must be the primary provider of such coverage. *Allstate Insurance Co. v. Avis Rent–A–Car System, Inc., supra.*

■ Also, because Colorado recognizes a strong policy of freedom of contract, we must construe a contract in the way that best effectuates the intent of the parties and allows each party to receive the benefit of the bargain within the policy constraints of the No-fault Act. *See Allstate Insurance Co. v. Avis Rent–A–Car System, Inc., supra.*

As the owner of the automobile involved in the accident, Hertz was required to have an insurance policy in compliance with the requirements of the No-fault Act. However, by the plain language of its contract, Hertz has not excluded itself from providing liability coverage. Rather, the LIS provision states simply that the liability coverage provided by Hertz will be secondary to other existing coverage.

We see no difference between Hertz's policy provision and the provision in Country's policy which states that insurance provided with respect to a vehicle not owned by the insured is excess over other collectible insurance.

Both provisions set forth the intention to make the liability coverage provided secondary or excess to other existing insurance. Both also set forth this intention as agreed to in the contract entered into by the driver and each company. That Hertz contracted with the driver to be designated as the secondary provider in exchange for a lower rental fee instead of simply including such provision as a part of its rental contract does not change the effect and validity of such provision.

## II.

■ However, because both policies contain provisions declaring their coverage to be secondary or excess to other coverage, these provisions are mutually repugnant. Therefore, the trial court properly apportioned evenly the settlement amount and costs of defending the suit between Hertz and Country. *See Allstate Insurance Co. v. Avis Rent–A–Car System, Inc., supra; Jardel Enterprises, Inc. v. Triconsultants, Inc.,* 770 P.2d 1301 (Colo.App.1988) (correct judgment will not be disturbed on appeal even though the reason for the decision may be wrong).

The judgment is affirmed.

Judge METZGER and Judge CRISWELL, concur.