LAWRENCE B. HAGERTY & another *vs.* JACK L. MYERS
& another.

Suffolk.   December 7, 1955. — December 29, 1955.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Insurance,* Motor vehicle liability insurance.

Noncompulsory coverage in a policy of motor vehicle liability insurance
in force on an automobile in 1950 and providing in an exclusion clause
that such coverage should not apply "to bodily injury . . . of any
employee of the insured while engaged in the employment, other than
domestic, of the insured or in domestic employment if benefits there-
for are either payable or required to be provided under any workmen's
compensation law" did not apply to personal injuries sustained by an
employee, not a domestic employee, of the insured through negligent
operation of the automobile on a private way, although the insured
was not required to have and did not have workmen's compensation
insurance.

BILL IN EQUITY, filed in the Superior Court on June 28,
1954.

The suit was heard by *Swift,* J.

In this court the case was submitted on briefs.

*Edward F. Flynn & Samuel Abrams,* for the defendant
Merchants Mutual Casualty Company.

*Francis J. Roche & Francis E. Kelly,* for the plaintiffs.

WILKINS, J.   The plaintiff Lawrence B. Hagerty holds
an execution against the defendant Myers, his employer, for
injuries received on June 10, 1950, by the negligent opera-
tion of an automobile on a private way in this Common-
wealth.   The plaintiff James R. Hagerty, father of Lawrence,
who was a minor when hurt, holds a judgment against
the defendant Myers for consequential damages.   The de-
fendant Merchants Mutual Casualty Company issued a
policy of motor vehicle liability insurance to the defendant
Myers.   In this suit in equity to reach and apply the ob-
ligation of the defendant company under the said policy,

there was a final decree ordering the defendant company to pay the judgments within the policy limits. The defendant company appealed.

The case was heard on agreed facts. The plaintiff Lawrence was one of three employees of the defendant Myers, who was not required to have workmen's compensation insurance, G. L. (Ter. Ed.) c. 152, § 1 (4), as appearing in St. 1945, c. 369, and in fact had none. The motor vehicle policy under coverage B included optional coverage for "A person who is other than a guest occupant . . . while upon or off the ways of the Commonwealth." The policy contained exclusion clauses, one of which was (f), providing that the policy did not apply "under coverages B and D, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law."

The plaintiffs' contention, which was apparently adopted by the court below, is that "The proper construction of the exclusion clause (f) is to exclude from the coverages under the policy the injuries of any employee of the insured while engaged in the employment of the insured if benefits therefor are either payable or required to be provided under any workmen's compensation law." In order to arrive at this meaning, it would be necessary to give no weight whatsoever to the words "other than domestic" and "in domestic employment" and to treat their use as utterly pointless. "It is an elementary rule in the interpretation of contracts that whenever reasonably practicable every word shall be given effect." *Rocci* v. *Massachusetts Accident Co.* 222 Mass. 336, 343.

Our interpretation of the exclusion clause (f) is that the policy does not cover employees who are not domestic employees, and even in the case of domestic employees the policy does not apply where benefits are payable or required to be provided under any workmen's compensation law. There was some point in drawing a distinction between

domestic employees and other employees. On the date of the accident domestic employees were not required to be covered by workmen's compensation. G. L. (Ter. Ed.) c. 152, § 1 (4), as appearing in St. 1945, c. 369. *Sjostedt* v. *Webster,* 306 Mass. 344, 345. Their inclusion within the workmen's compensation law was not achieved until the enactment of St. 1953, c. 656. It was reasonable to make a distinction between employees who had the benefits of the elimination of the employer's defences in tort cases by G. L. (Ter. Ed.) c. 152, § 66, as appearing in St. 1943, c. 529, § 9A, and employees who did not. See G. L. (Ter. Ed.) c. 152, § 67, as appearing in St. 1943, c. 529, § 10; *Pell* v. *New Bedford Gas & Electric Light Co.* 325 Mass. 239, 242.

It follows that the final decree must be reversed, and a new final decree is to be entered dismissing the bill.

*So ordered.*