GERALD F. GRIFFIN vs. NAPOLEON FIELDS. March 4, 1959. Order dismissing report affirmed. This is an action of contract commenced in a District Court in which the plaintiff seeks to recover $2,000 from the defendant, one of the sureties on a bond which was given to dissolve what was described in this bond as an equitable attachment against Shimar, Inc., but which in fact was given to dissolve a temporary restraining order against Shimar, Inc., and the Music Hall Corporation. The original suit in equity was instituted against Shimar, Inc., and the Music Hall Corporation by the plaintiff. In that suit the plaintiff secured an execution against the Music Hall Corporation but not against Shimar, Inc. Due demand was made for payment but the execution was not satisfied. The bond was in the penal sum of $2,000 and the execution was in the sum of $2,205.82. The condition of the bond, which was under seal, was to pay the plaintiff, if he recovered against Shimar, Inc., or the Music Hall Corporation, the sum of $2,000 and, if neither of them paid the plaintiff, the sureties on the bond would pay. The trial judge made special findings as follows: The defendant with others executed the bond in the presence of one Victor Fields, an attorney for and a brother of the defendant, and the plaintiff accepted the bond and thus approved it by not seeking a continuance of a restraining order which was then in force in the equity proceedings. The defendant filed four requests for rulings which were properly denied as being "inconsistent with the evidence." The requests were also inconsistent with the findings of the judge. At the request of the defendant the judge reported the action to the Appellate Division, which after hearing dismissed the report, and the defendant appealed. There was no error.

*Victor G. Fields*, for the defendant, submitted a brief.

*John R. McGrath*, for the plaintiff.

ALFIO DI STEFANO vs. FRANK BRANCO & another. March 6, 1959. Decrees affirmed. This is a bill in equity to reach and apply an obligation of the defendant insurance company in satisfaction of a judgment amounting to $27,279.77 recovered by the plaintiff against its insured in a prior tort action. The insurer concedes that recovery is to be had to the limit of the compulsory coverage of the policy, its coverage "A," amounting to $5,000, with interest and costs. Under the terms of exclusion clause (f), however, the plaintiff as an employee, other than domestic, of the insured is precluded from recovering a larger sum under the optional coverage "B" of the policy. *Hagerty* v. *Myers*, 333 Mass. 387. The decree as against the insurer should be affirmed. The decree dismissing the bill as against the insured has not been argued by the plaintiff.

*Henry Malis*, for the plaintiff, submitted a brief.

*Cedric L. Arnold*, for the defendant.