SOUTH CAROLINA INSURANCE COMPANY v. MARVIN B. SMITH, AND W. L. GORE

No. 835SC635

(Filed 17 April 1984)

**Insurance § 91.1— automobile liability insurance—effect of employee exclusion clauses**

G.S. 20-279.21(e) limits the operative effect of employee exclusion clauses in automobile policies required by the Financial Responsibility Act to the extent that an insurer may not exclude employees from policy coverage unless workers' compensation is available to those employees.

APPEAL by defendants from *Small, Judge.* Judgment entered 19 April 1983 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 9 April 1984.

This appeal arises from a summary judgment granted in an action for a declaratory judgment. Prior to the bringing of this action, defendant Smith had filed suit against his employer, defendant Gore. In that action, Smith alleged that he was injured while standing in the back of Gore's truck, as a result of Gore's negligently moving the truck in such a manner that a freezer in the back of the truck fell on Smith. Plaintiff South Carolina Insurance Company, as Gore's automobile liability insurer, then brought this action for a declaratory judgment. Plaintiff seeks a declaration that its policy did not cover the truck at the time of the accident and that plaintiff is under no duty or obligation to appear and defend the action that defendant Smith brought against defendant Gore.

Based on the pleadings and certain written stipulations entered into by the parties, the trial court granted plaintiff's motion for summary judgment on the grounds that the policy contained an employee exclusion clause which relieved plaintiff of any duty or obligation to appear and defend the action Smith instituted against Gore. From the order granting plaintiff's motion, defendants appeal.

*Walton, Fairley & Jess, by Ray H. Walton, for defendant-appellant Smith.*

*David Rock Whitten, for defendant-appellant Gore.*

*Marshall, Williams, Gorham & Brawley, by William Robert Cherry, Jr., for plaintiff-appellee.*

VAUGHN, Chief Judge.

In order to determine whether summary judgment was properly granted plaintiff insurer, we must examine the effect of North Carolina's Financial Responsibility Act on an employee exclusion clause in an automobile liability policy. Plaintiff argues that the employee exclusion clause contained in the "Personal Auto Policy" it issued to defendant Gore relieves it of any liability under the policy arguably arising from the accident in question. Defendants' position is that regardless of the validity of the exclusionary clause, G.S. 20-279.21(e), part of North Carolina's Financial Responsibility Act, subjects the plaintiff to liability under the policy unless evidence is produced showing that defendant employee Smith was covered by North Carolina's Workers' Compensation Act, i.e., that defendant employer Gore was required to provide workers' compensation insurance for its employee.

We first examine the policy exclusion and applicable statutory provision. The employee exclusion provision reads as follows:

> A. We do not provide Liability Coverage for any person:
>    . . .
>
> 4. For bodily injury to an employee of that person during the course of employment. This exclusion does not apply to bodily injury to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

North Carolina's Financial Responsibility Act requires all owners of motor vehicles to carry liability insurance covering both the owner and persons using the vehicle with the owner's permission. The portion of that act on which defendants base their argument is G.S. 20-279.21(e), which provides:

Such motor vehicle liability policy need not insure against loss from any liability for which benefits are in whole or in part either payable or required to be provided under any workmen's compensation law nor any liability for damage to property owned by, rented to, in charge of or transported by the insured.

We note preliminarily that North Carolina adheres to the majority rule that an employee exclusion clause is a valid limitation on coverage in an automobile liability insurance policy. *See, e.g., Insurance Co. v. Insurance Co.,* 256 N.C. 91, 123 S.E. 2d 108 (1961). *See also Dahm v. Employers Mut. Liability Ins. Co. of Wis.,* 74 Wis. 2d 123, 246 N.W. 2d 131 (1976) (fellow employee exclusion clause not contrary to public policy). Indeed, the parties do not contest the validity of the clause but disagree as to its applicability in light of North Carolina's Financial Responsibility Act.

As the particular question before us has never been confronted by the courts of this State, in addition to reviewing pertinent North Carolina authority, we have examined cases from other jurisdictions that have dealt with the effect of similar acts on insurance policy provisions excluding employees from coverage. Based on our consideration of this primary authority from North Carolina and secondary authority from other jurisdictions, we conclude that G.S. 20-279.21(e) controls the policy provision in such a manner that although it does not void the exclusionary clause in question, it limits its effect. Specifically, we hold that G.S. 20-279.21(e) limits the operative effect of employee exclusion clauses in automobile liability policies required by the Financial Responsibility Act to the extent that an insurer may not exclude employees from policy coverage unless workers' compensation is available to those employees. Put otherwise, the validity of the exclusion is contingent on the existence of workers' compensation. In the case before us, the record is devoid of any evidence pertaining to workers' compensation. Therefore, the summary judgment entered in favor of the plaintiff must be reversed and the cause remanded for factual findings as to whether workers' compensation was available to the defendant employee.

The starting point of our analysis is that nothing else appearing, the exclusionary clause in the policy before us would defeat coverage. Defendant Smith, otherwise a "covered person" under

the language of the policy, would be excluded from coverage by plaintiff insurer due to his status as an employee acting in the course of his employment for defendant Gore. *See State Farm Mutual Automobile Ins. Co. v. Karasek*, 22 Ariz. App. 87, 88, 523 P. 2d 1324, 1325 (1974) ("[W]e start from the premise that if we are governed by the clear and unambiguous terms of the policy [the insured] cannot recover"); *General Accident Fire & Life Assur. Corp. v. Kimberly*, 61 Ga. App. 153, 6 S.E. 2d 78 (1939) (language of employee exclusion clause neither uncertain nor ambiguous). The principle that employee exclusion clauses are valid where no contrary statutory provision exists was stated thus by an Ohio court:

> Although such a result may seem unfortunate, in absence of some statutory requirement, an owner of an automobile is not obligated, when . . . [contracting] for liability insurance, to provide coverage for those of his [or her] employees who may drive the automobile with . . . permission or in the course of their employment. . . .

*Morfoot v. Stake*, 174 Ohio St. 506, 510, 190 N.E. 2d 573, 576 (1963). *See Younts v. Insurance Co.*, 281 N.C. 582, 585, 189 S.E. 2d 137, 139 (1972) (in absence of any provision in Financial Responsibility Act broadening liability of insurer, such liability must be measured by the terms of its policy as written).

Accordingly, in cases where a financial responsibility act is not involved, either because the jurisdiction has not adopted such an act, or because the court declined to consider its effect on an exclusionary clause, it has been uniformly held that such clauses operate to exclude an employee from coverage and that the insurer is thus relieved of liability. *See, e.g., Griffin v. Speidel*, 179 So. 2d 569 (Fla. 1965) (court did not address issue of effect of such a statute on employee exclusionary clause); *Gibbs v. Insurance Co.*, 224 N.C. 462, 31 S.E. 2d 377 (1944) (antedating North Carolina's Financial Responsibility Act).

The more problematic cases are those where it becomes necessary to evaluate the effect of legislation mandating automobile liability insurance on these otherwise valid exclusions. North Carolina has adopted such legislation as Chapter 20, Article 9A of the General Statutes, entitled "Motor Vehicle Safety and Financial Responsibility Act of 1953," and we must therefore consider

the impact of such statutory authority on the policy provision in question. To properly evaluate the effect of G.S. 20-279.21(e) on the policy exclusion in question, it is necessary to understand the policies behind both the North Carolina Financial Responsibility Act generally and behind employee exclusion clauses.

The purpose of any exclusion in a policy of insurance is manifestly to limit the liability of the insurer, and the particular purpose of an employee exclusion clause "is to protect the owner from the expense of double coverage where . . . [an] employee is covered by [workers'] compensation." *Farmers Insurance Group v. Home Indemnity Co.*, 108 Ariz. 126, 129, 493 P. 2d 909, 912 (1972). *See also Dahm v. Employers Mut. Liability Ins. Co. of Wis., supra* (purpose of fellow employee exclusion clause is to leave injured employee to a remedy under workers' compensation law or to an action against fellow employee).

The primary purpose of the compulsory motor vehicle liability insurance required by North Carolina's Financial Responsibility Act is to compensate innocent victims who have been injured by financially irresponsible motorists. *Insurance Co. v. Roberts*, 261 N.C. 285, 134 S.E. 2d 654 (1964). Furthermore, the Act is to be liberally construed so that the beneficial purpose intended by its enactment may be accomplished. *Moore v. Insurance Co.*, 270 N.C. 532, 155 S.E. 2d 128 (1967).

We next turn to case law from other jurisdictions. The Ninth Circuit Court of Appeals interpreted California statutes similar to North Carolina's as they applied to an employee exclusion clause in an automobile liability policy. That court stated:

> Cal. Veh. Code § 16451 [comparable to G.S. 20-279.21(b)(2)] requires that motor vehicle liability insurance policies cover permissive users. Cal. Veh. Code § 16454 [comparable to G.S. 20-279.21(e)] allows an exception for liability of the assured imposed on the assured by any . . . [workers'] compensation law. The [employee exclusion clause] . . . falls within the § 16454 exception *only to the extent that it excludes [workers'] compensation payments.*

*United States v. Transport Indem. Co.*, 544 F. 2d 393, 395 (9th Cir. 1976) (emphasis added). *Accord, Dahm v. Employers Mut. Liability Ins. Co. of Wis., supra* (employee exclusion clause in

employer's liability policy invalid in absence of compliance with statutory requirement that employer provide workers' compensation).

In *Makris v. State Farm Mutual Automobile Ins. Co.*, 267 So. 2d 105 (Fla. 1972), a Florida court reversed a summary judgment entered in favor of the employer's insurance company. The court noted that the insurer inadequately supported its position "by relying on decisions which hold that the provisions of an insurance policy excluding coverage for bodily injury to an employee while acting in the scope of . . . employment are valid." *Id.* at 107. Plaintiff at bar likewise relies on cases which uphold the validity of employee exclusion clauses. As in *Makris*, however, the essential validity of such exclusions is not at issue. What is at issue is the effect of statutes mandating automobile liability insurance on these otherwise valid exclusions from coverage. The court in *Makris* concluded that in light of the purpose of the Florida Financial Responsibility Law, similar to North Carolina's Financial Responsibility Act, certified automobile insurance policies are for the benefit of the public using the highways of that state, and that therefore such policies "may not contain exclusions which destroy the effectiveness of the policy as to any substantial segment of that public." *Id.* at 108.

The court reasoned that to hold otherwise would at times leave persons who were injured while an employee was driving an employer's vehicle without remedy, and that such a result was in derogation of the Financial Responsibility Law and against public policy. As already discussed, the primary purpose of North Carolina's Act is to compensate victims of financially irresponsible motorists, i.e., to provide them with a remedy. Were we to accept plaintiff's argument, we would likewise be making possible situations wherein an injured employee may be left remediless. Such a result would contravene the established purpose of our Financial Responsibility Act.

The courts of Arizona have interpreted a provision of that state's Safety Responsibility Act which, unlike North Carolina's, expressly allows the inclusion of employee exclusion clauses in motor vehicle liability policies. Ariz. Rev. Stat. Ann. § 28-1170 E (Supp. 1983-4) states that "[t]he motor vehicle liability policy need not insure liability under any [workers'] compensation law nor

liability on account of bodily injury to . . . an employee of the insured while engaged in the employment, other than domestic, of the insured. . . ." This statute by its very terms seems to make possible a situation of no coverage where a policy contains an employee exclusion clause and an injured employee is not covered by Arizona's workers' compensation laws. But the statute has not been so construed. Arizona courts have interpreted § 28-1170 E to allow exclusion of an employee from coverage under an employer's automobile liability policy *only* when workers' compensation is available to that employee. *See, e.g., Farmers Insurance Group v. Home Indemnity Co., supra; State Farm Mutual Automobile Ins. Co. v. Karasek, supra* ("obvious purpose" of § 28-1170 E "is to allow a policyholder to avoid a situation where [that person] might be required to purchase the same liability coverage from two different carriers, that is, . . . [a workers'] compensation insurance carrier and [a] motor vehicle liability carrier").

As there exists an Arizona policy that the goal of automobile insurance is to effect indemnity against loss, the Supreme Court of Arizona observed that their construction of the statute

> permits an owner having [workers'] compensation to contract for automobile liability insurance which excludes his [or her] employees. [The owner] thereby obtains the benefit of a lower premium, but [the] policy still conforms fully to the purpose of the Financial Responsibility Act.

*Farmers Insurance Group v. Home Indemnity Co., supra,* at 129, 493 P. 2d at 912. Likewise does our holding make double coverage unnecessary, encourage the effectuation rather than the negation of coverage and satisfy the purpose of our Financial Responsibility Act.

Our holding also conforms fully to North Carolina rules of construction relating to insurance policies. First, "[a]n insurance policy is a contract, and is to be construed and enforced in accordance with its terms insofar as they are not in conflict with pertinent statutes and court decisions." *Poultry Corp. v. Insurance Co.,* 34 N.C. App. 224, 226, 237 S.E. 2d 564, 566 (1977). As to the effect of any statute on an insurance policy, the law is clear that a statutory requirement or limitation applicable to a policy of insurance is to be read into the policy as if written therein and controls a contrary provision actually written into the policy. *Har-*

*relson v. Insurance Co.,* 272 N.C. 603, 609-10, 158 S.E. 2d 812, 817-8 (1968). In *Insurance Co. v. Chantos,* 293 N.C. 431, 441, 238 S.E. 2d 597, 604 (1977), *appeal after remand,* 298 N.C. 246, 258 S.E. 2d 334 (1979), our Supreme Court expressly held that the provisions of the Financial Responsibility Act are written into every automobile liability policy as a matter of law, and prevail when they conflict with a policy term. Furthermore, if there is any ambiguity in an automobile liability policy which requires interpretation as to whether policy provisions impose liability, the provisions will be construed in favor of coverage and against the insurer. *Wright v. Casualty Co.,* 270 N.C. 577, 587, 155 S.E. 2d 100, 107 (1967). *See also Insurance Co. v. Insurance Co.,* 269 N.C. 341, 346, 152 S.E. 2d 436, 440 (1967) (noting that exclusions from and exceptions to undertakings by insurers are not favored). Our holding manifestly complies with these rules of construction.

Although we have reviewed at length authority supporting our decision, we emphasize that the plain language of G.S. 20-279.21(e) is alone sufficient to justify our holding. That provision simply allows an exemption from policy coverage of an employee only insofar as there are benefits available to that employee pursuant to North Carolina's Workers' Compensation Act. Our review of pertinent authority was for the purpose of demonstrating the underlying reasons for our holding.

We are aware that some contrary authority exists. We observe, however, that many cases cited by plaintiff as being in conflict with our holding involve only the validity of an employee exclusion clause rather than the effect of a financial responsibility act on such a clause. Those cases therefore do not address the issue with which we are concerned. The cases cited by plaintiff that apparently support its position are at variance with the greater weight of authority and, we believe, less well-reasoned than cases espousing the majority viewpoint. *See, e.g., Employers' Liability Assurance Corp. v. Owens,* 78 So. 2d 104 (Fla. 1955) (court enforced exclusion as written into policy; dissent noted that majority ignored Florida's Financial Responsibility Act); *Hagerty v. Myers,* 333 Mass. 387, 131 N.E. 2d 176 (1955) (court reasoned that if it did not adopt a construction enforcing employee exclusion regardless of availability of compensation, then the distinction between domestic and nondomestic employees rendered meaningless). Other cases enforcing these

clauses and ostensibly supporting plaintiff's position are distinguishable. *See, e.g., Western Mutual Insurance Co. v. Wann,* 147 Colo. 457, 363 P. 2d 1054 (1961) (employee exclusion clause enforced where policy voluntarily procured); *Stillwell v. Iowa National Mutual Insurance Co.,* 205 Va. 588, 139 S.E. 2d 72 (1964) (similarly).

Summary judgment is not to be granted where there remains a material issue of fact to be determined. "A fact is material if it would constitute or would irrevocably establish any material element of a claim or defense." *Bernick v. Jurden,* 306 N.C. 435, 440, 293 S.E. 2d 405, 409 (1982) *quoting City of Thomasville v. Lease-Afex, Inc.,* 300 N.C. 651, 654, 268 S.E. 2d 190, 193 (1980). A resolution of the case at bar is dependent on whether defendant Smith, as defendant Gore's employee, has workers' compensation coverage available to him. There is no evidence in the record on this point. Thus a material issue of fact remains and summary judgment was improperly granted. *See Dahm v. Employers Mut. Liability Ins. Co. of Wis., supra* (reversed and remanded summary judgment for insurer where record failed to show that employer was required to provide workers' compensation).

Reversed and remanded.

Judges BRASWELL and EAGLES concur.