SHIRLEY SPARKS, PETITIONER v. NATIONWIDE MUTUAL INSURANCE CO., RESPONDENT

No. 8928DC1285

(Filed 19 June 1990)

**Insurance § 69.4 (NCI3d) — hit-and-run accident — recovery against John Doe — insurer's refusal to defend — insurer's obligation to pay judgment**

> Where petitioner recovered a default judgment against John Doe, an unidentified hit-and-run driver, the trial court erred in determining that defendant insurer was not bound and obligated to pay the judgment, since petitioner was driving the automobile of the insured with the consent and approval of the insured when it was struck by the vehicle of another insured, that vehicle having been struck by the hit-and-run driver, and petitioner in all other respects complied with the requirements of N.C.G.S. § 20-279.21(b)(3)(b) so that she was entitled to benefit from uninsured motorist coverage; furthermore, petitioner was not required to name the insurer in her action against John Doe, only to give insurer notice, which she did; and respondent could not attempt to defend its prior election not to provide a defense to John Doe by alleging that service of process on John Doe was insufficient, as respondent had actual notice of the action. N.C.G.S. § 1-166.

**Am Jur 2d, Automobile Insurance §§ 299-302, 330, 331, 335.**

APPEAL by petitioner from order entered 15 September 1989 by *Judge Peter L. Roda* in BUNCOMBE County District Court. Heard in the Court of Appeals 30 May 1990.

Petitioner was involved in a motor vehicle collision in which a hit and run driver ran into the rear of a vehicle driven by John Thurman causing that car to strike the vehicle driven by petitioner. Petitioner received personal injuries as a result of the accident.

**SPARKS v. NATIONWIDE MUTUAL INS. CO.**

[99 N.C. App. 148 (1990)]

She initiated suit against Thurman and against John Doe, the unknown hit and run driver. The identity of the hit and run driver was never established. Service was obtained on John Doe by publication. At all times relevant, the owner of the car driven by petitioner, Jack Weatherford, and Thurman were insured by respondent, Nationwide Mutual Insurance Company. Respondent received the complaint of petitioner against John Doe, the hit and run driver and Thurman. Respondent provided a defense for Thurman but not Doe.

John Doe was severed from the lawsuit and judgment was entered by default against John Doe in favor of petitioner for the sum of $5,000.00. Petitioner filed a Petition for Declaratory Judgment seeking a declaration that respondent was bound and obligated to pay the judgment entered against John Doe. The trial court entered an order granting summary judgment for respondent. Petitioner appeals.

*Moore, Lindsay & True, by Ronald C. True and William H. Leslie, for petitioner-appellant.*

*Robert G. McClure, Jr., P.A., by Frank J. Contrivo, for respondent-appellee.*

LEWIS, Judge.

Petitioner contends: "The Court erred in entering an Order of Summary Judgment in favor of Respondent in that the same is contrary to G.S. 20-279.21 and applicable case law." That portion of the statute, entitled " 'Motor vehicle liability policy' defined," which is applicable for the case at bar, addresses uninsured motorist coverage.

> Where the insured, under the uninsured motorist coverage, claims that he has sustained bodily injury as the result of collision between motor vehicles and asserts that the identity of the operator or owner of a vehicle (other than a vehicle in which the insured is a passenger) cannot be ascertained, the insured may institute an action directly against the insurer.

N.C.G.S. § 20-279.21(b)(3)(b). Chapter 20, Article 9A of the General Statutes which contain the statute quoted above was adopted as the "Motor Vehicle Safety and Financial Responsibility Act of 1953." In interpreting this statute, this Court has stated: "To properly evaluate the effect of [the statute] . . . , it is necessary to understand

the policies behind . . . the North Carolina Financial Responsibility Act. . . ." *South Carolina Ins. Co. v. Smith,* 67 N.C. App. 632, 636, 313 S.E.2d 856, 859, *disc. rev. denied,* 311 N.C. 306, 317 S.E.2d 682 (1984).

> The primary purpose of the compulsory motor vehicle liability insurance required by North Carolina's Financial Responsibility Act is to compensate innocent victims who have been injured by financially irresponsible motorists. *Insurance Co. v. Roberts,* 261 N.C. 285, 134 S.E.2d 654 (1964). Furthermore, the Act is to be liberally construed so that the beneficial purpose intended by its enactment may be accomplished. *Moore v. Insurance Co.,* 270 N.C. 532, 155 S.E.2d 128 (1967).

*Id.,* 313 S.E.2d 860. The following analysis will focus on the wording of the statute "liberally construed" and the extent to which petitioner complied with the statute.

The statute includes specific requirements which the "insured" must meet in order to benefit from "uninsured motorist coverage." N.C.G.S. § 20-279.21(b)(3)(b). Each requirement will be listed below in the words of the statute, and the manner in which petitioner complied with the statute will be specified.

(1) The liability insurance covers "the named insured and . . . any person who uses with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies. . . ." N.C.G.S. § 20-279.21(b)(3)(b). [Petitioner was driving the automobile of the insured with the consent and approval of the insured.]

(2) The liability coverage must be with "an insurance carrier duly authorized to transact business in this State." N.C.G.S. § 20-279.21(a). [The parties stipulated that the insured was properly covered by respondent.]

(3) The "persons insured" driving the insured's vehicle must have "sustained bodily injury." N.C.G.S. § 20-279.21(b)(3)(b). [The parties stipulated that this was an action by petitioner for "damages for personal injuries."]

(4) "[T]he identity of the operator or owner of a vehicle . . . cannot be ascertained." *Id.* [The parties stipulated that the driver was a "hit and run driver."]

(5) "[T]he insured, or someone in his behalf, shall report the accident within 24 hours or as soon thereafter as may be practicable, to a police officer, peace officer, other judicial officer, or to the Commissioner of Motor Vehicles." *Id.* [The parties stipulated "[t]hat the collision . . . was investigated at the scene, within 24 hours of the collision, by appropriate law enforcement officials."]

(6) "The insured shall also within a reasonable time give notice to the insurer of his injury, the extent thereof, and shall set forth in such notice the time, date and place of such injury." Additionally, "[s]uit may not be instituted against the insurer in less than 60 days from the posting of the first notice of such injury . . . to the insurer. . . ." *Id.* [The parties stipulated that "the Petitioner placed Respondent on notice of Petitioner's claims for personal injuries more than 60 days prior to instituting suit as against Respondent's insured and the hit and run driver."]

(7) "[W]ithin 15 days following receipt of the notice of the accident to the insurer, the insured shall furnish to insurer such further reasonable information concerning the accident and the injury as the insurer shall request." *Id.* [The parties stipulated that "the collision . . . was reported to Respondent and/or its agents within 15 days of the collision."]

Petitioner adhered to each of the requirements set forth in the statute. Respondent properly received petitioner's complaint but, even though respondent was granted ample opportunity to do so, respondent failed to provide a defense for the uninsured hit and run driver. Thereafter, a default judgment was entered against Doe.

Respondent contends that North Carolina has "no statutory scheme for default judgment against a fictitious person." North Carolina General Statute § 1-166 provides:

When the plaintiff is ignorant of the name of a defendant the latter may be designated in a pleading or proceeding by any name. . . .

The applicable statute for the case at bar is based upon the situation in which "the identity of the operator or owner of a vehicle . . . cannot be ascertained." N.C.G.S. § 20-279.21(b)(3)(b). This statute states that, in that situation, the plaintiff "*may* institute an action directly against the insurer." *Id.* (Emphasis added.) The statute

does not require that the insurer be a named party. The failure by the petitioner in this case to name the insurer as a party is not fatal. Since a major purpose of accurately identifying the defendant is to provide notice, and, in the case at bar, the insurer had actual notice of the action, respondent's argument is without merit.

Respondent also questions the service of process against John Doe which was accomplished by publication in the Black Mountain News once a week for three consecutive weeks. The notice indicated that the pleading against John Doe had been filed because of his "negligent operation of an automobile on the 25th day of March, 1987." Relying on Rule 4(k)(2) of the North Carolina Rules of Civil Procedure as it read at the time of the commencement of the underlying action, respondent states that this notice was inadequate because it contained "no description of 'John Doe' . . . nor . . . any description of the subject motor vehicle accident. . . ." The applicable Rule of Civil Procedure states: "If the defendant is unknown, he may be *designated by description* and process may be served by publication. . . ." (Emphasis added.) A challenge to the notice would have been appropriate at the time of the underlying action when respondent was already defending Thurman and had actual notice. Respondent could have elected to intervene pursuant to Rule 24 of the North Carolina Rules of Civil Procedure. However, at this point in the appeal, we note that respondent was provided with appropriate notice of the action and may not attempt to defend its prior election not to provide a defense to John Doe by alleging that "[s]ervice of process on 'John Doe' was insufficient."

Finally, respondent alleges that "The Motor Vehicle Safety and Financial Responsibility Act does not require that [the insurance company] provide a defense or indemnification for a fictitious 'John Doe.'" Therefore, respondent contends, it had no duty to defend because respondent was not named directly as a party in the underlying action. As discussed above, the statute states only that the insurer *may* be named directly in a suit against an unknown uninsured motorist. N.C.G.S. § 20-279.21(b)(3)(b). The statute does not require that the insurer be a named party. The statute does clearly intend for the insurer "to compensate the innocent victims of financially irresponsible motorists." *Nationwide Mut. Ins. Co. v. Aetna Life & Casualty Co.*, 283 N.C. 87, 90, 194 S.E.2d 834, 837 (1973). Petitioner strictly adhered to every requirement set forth by the

statute, and the ordinary meaning of the statute indicates that the insurer in this situation must compensate the victim of an automobile accident in which "the identity of the operator or owner of a vehicle . . . cannot be ascertained. . . ." N.C.G.S. § 20-279.21(b)(3)(b). "Where the language of a statute . . . is clear and its meaning unmistakable, there is no room for construction, but we merely follow the intention as thus plainly expressed." *State v. Norfolk Southern R.R. Co.*, 168 N.C. 103, 109, 82 S.E. 963, 966 (1914).

We reverse the granting of summary judgment in favor of the respondent and remand this action to the trial court.

Reversed and remanded.

Judges ORR and GREENE concur.