MERCHANTS OIL, INC., Petitioner,

v.

Barbara S. ANDERSON, The Industrial Claim Appeals Office of the State of Colorado, and Director, Division of Workers' Compensation, Department of Labor and Employment, Respondents.

No. 94CA1921.

Colorado Court of Appeals,
Div. IV.

May 4, 1995.

Glasman Jaynes McBride and Musgrave, Ronald C. Jaynes, Denver, for petitioner.

Dennis J. Wing, Aurora, for respondent Barbara S. Anderson.

No appearance for respondents Indus. Claim Appeals Office and Director, Div. of Workers' Compensation.

Opinion by Judge NEY.

Merchants Oil (employer) petitions for review of a final order of the Industrial Claim Appeals Panel increasing the permanent partial disability benefits awarded to Barbara S. Anderson (claimant) because of employer's failure to procure workers' compensation insurance. We affirm.

The operative facts are undisputed. At the time of claimant's admitted industrial injury, employer carried no workers' compensation insurance. The parties stipulated

to a 21% disability rating, which qualified claimant for the maximum award for permanent partial disability under the statute then in effect. *See* Colo.Sess.Laws 1990, ch. 62, § 8–42–110(1)(b) at 493 (now codified with significant changes at § 8–42–107, C.R.S. (1994 Cum.Supp.)).

Accordingly, the Administrative Law Judge (ALJ) awarded claimant $37,560 for her permanent disability. Compensation was increased by 50% for employer's failure to insure, pursuant to § 8–43–408, C.R.S. (1994 Cum.Supp.), for a total award of $56,340. The Panel affirmed.

Employer contends that the 50% penalty provision in § 8–43–408 cannot apply to increase a permanent partial disability award beyond the maximum dollar amount specified in § 8–42–110(1)(b). Employer reasons that because § 8–42–110(1)(b) is a specific statute, it controls over the conflicting general provisions of § 8–43–408. We disagree.

■ Generally, statutes are to be construed in a manner so as to further the legislative intent. To discern this intent, we must first refer to the language of the statutes, and give effect to the plain and ordinary meaning of the language utilized by the General Assembly. *Snyder Oil Co. v. Embree*, 862 P.2d 259 (Colo.1993). To the extent legislative intent is unclear, we are to construe the entire statutory scheme in a manner that gives consistent, harmonious, and sensible effect to all its parts. *Henderson v. RSI, Inc.*, 824 P.2d 91 (Colo.App.1991).

Section 8–42–110(1)(b) provides that an award for permanent partial disability is "not to exceed in any event the aggregate sum of thirty-seven thousand five hundred sixty dollars." Section 8–43–408(1), C.R.S. (1994 Cum.Supp.) provides that when an employer fails to obtain the required workers' compensation insurance coverage, the claimant "may claim the compensation and benefits provided in said articles, and in any such case the amounts of compensation or benefits provided in said articles shall be increased fifty percent."

■ We agree with the Panel that implicit in the plain language of § 8–43–408(1) is the recognition that there are statutory limitations on various types of workers' compensation. *See, e.g.,* § 8–42–105(1), C.R.S. (1994 Cum.Supp.) (temporary total disability benefits are limited to 66 and 2/3% of the average weekly wage not to exceed 91% of the state average weekly wage). However, § 8–43–408(1) is a provision for *additional* compensation, above the amounts already "provided in said articles." *See Eachus v. Cooper*, 738 P.2d 383 (Colo.App.1986). Thus, the Panel correctly affirmed the ALJ's calculation of this "additional compensation" due claimant.

■ Furthermore, we do not perceive an irreconcilable conflict between the two statutes. Section 8–42–110(1)(b) limits compensation to $37,560 when the employer has fulfilled its statutory obligation to purchase workers' compensation for the benefit of its employees. On the other hand, § 8–43–408(1) is designed to encourage cooperation with the mandatory insurance requirements and to provide for additional compensation when the employer neglects or refuses to purchase insurance. Hence, it is possible to construe the two statutes harmoniously, and we are obliged to do so. *See Young v. Industrial Claim Appeals Office*, 860 P.2d 591 (Colo.App.1993).

Moreover, the beneficial effect of § 8–43–408(1) would be significantly diminished under employer's construction of the statute, and thus, we decline to adopt it.

The order of the Panel is affirmed.

PLANK and RULAND, JJ., concur.