HAND v. CONNECTICUT INDEMNITY CO.

[124 N.C. App. 774 (1996)]

———————————————

LARRY E. HAND, PLAINTIFF v. CONNECTICUT INDEMNITY CO., DEFENDANT

LARRY E. HAND, PLAINTIFF v. CANAL INSURANCE COMPANY, DEFENDANT

No. COA95-1437

(Filed 17 December 1996)

**Insurance § 582 (NCI4th)— interstate motor carrier—truck accident—injury to employee—employee exclusion clauses in carrier's liability policies** .

Federal law, which required as a condition for an I.C.C. permit or certificate that the interstate carrier provide insurance or other security sufficient to pay for a judgment against the carrier for injuries to an individual resulting from the negligent operation of motor vehicles, 49 U.S.C. § 10927, did not require coverage of an injured employee as an "individual" and did not render the employee exclusion clauses in the carrier's motor vehicle insurance policies invalid as to an employee injured in a truck accident even though the carrier was exempt from the N.C. Financial Responsibility Act and federal law did not require the carrier to have workers' compensation insurance.

**Am Jur 2d, Automobile Insurance §§ 279 et seq.**

Appeal by plaintiff from order signed 4 October 1995 and from judgment entered 6 October 1995 by Judge W. Steven Allen in Guilford County Superior Court. Heard in the Court of Appeals 8 October 1996.

*Gordon & Nesbit, P.L.L.C., by L. G. Gordon, Jr. and Thomas L. Nesbit; and David Botchin, for plaintiff.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Dewey W. Wells and Mary S. Pollard, for defendant Connecticut Indemnity Co.; Henson & Henson, L.L.P., by Perry C. Henson, for defendant Canal Insurance Company.*

LEWIS, Judge.

Upon motion of plaintiff and by order filed 8 February 1996, this Court has consolidated these appeals, both of which arise out of the same accident and present a single, identical issue for review.

In 1993, Larry E. Hand worked as a truck driver for S.C.A.T.S. Carriers, Inc. ("SCATS"), an interstate motor carrier. On 17 March 1993, Hand was seriously injured in a highway accident which occurred while he and the driver of the truck, also a SCATS employee, were making deliveries for SCATS. SCATS did not have workers' compensation insurance coverage. However, it did have two motor vehicle liability insurance policies, one issued by Connecticut Indemnity Co. ("Connecticut") and one issued by Canal Insurance Company ("Canal").

Hand filed these declaratory judgment actions against Canal and Connecticut seeking a finding that he was covered under the policies. The trial court granted summary judgment for Canal and Connecticut. Plaintiff appeals.

The sole issue on appeal is whether, as a matter of law, federal law renders the employee exclusion clauses in the Canal and Connecticut policies invalid and unenforceable against plaintiff.

All parties agree that, at the time of the accident, the insurance coverage issued by Canal and Connecticut to SCATS was required by 49 U.S.C. § 10927 (1993) and that the SCATS vehicle was exempt from the North Carolina Motor Vehicle Safety and Financial Responsibility Act, N.C. Gen. Stat. section 20-279.1 *et. seq.*, because it was operated under an Interstate Commerce Commission ("ICC") permit or certificate. *See* N.C. Gen. Stat. § 20-279.32 (1993).

49 U.S.C. § 10927 required, as a condition for an ICC permit or certificate, that an interstate carrier such as SCATs provide "a bond, insurance policy, or other type of security . . . sufficient to pay . . . for each final judgment against the carrier for bodily injury to, or death

of, an individual resulting from the negligent operation, maintenance, or use of motor vehicles under the certificate or permit . . . ." 49 U.S.C. § 10927 (1993) (repealed by the ICC Termination Act of 1995, Pub. L. No. 104-88, § 102(a), 109 Stat. 803, 804 (1995)).

Citing *South Carolina Ins. Co. v. Smith*, 67 N.C. App. 632, 313 S.E.2d 856, *disc. review denied*, 311 N.C. 306, 317 S.E.2d 682 (1984), plaintiff asserts that 49 U.S.C. § 10927 required coverage of an injured employee as an "individual." We disagree. *Smith* dealt with the application of the North Carolina Financial Responsibility Act which plaintiff admits does not apply to the SCATS vehicle. *See Smith*, 67 N.C. App. at 633, 313 S.E.2d at 858. In addition, 49 U.S.C. § 10927 did not contain a provision similar to N.C. Gen. Stat. section 20-279.21(e), the controlling provision in *Smith*. *See id.* at 634, 313 S.E.2d at 859. We also note that the employee exclusions contained in the Canal and Connecticut policies conformed to the 49 C.F.R. § 387.15 approved endorsement form which includes an employee exclusion clause. *See* 49 C.F.R. § 387.15 (October 1994).

The facts of this case reveal an unfortunate gap. In this context, the federal laws require liability insurance but not workers' compensation insurance. North Carolina law requires workers' compensation insurance but has no provision covering workers who are injured on the job when bankrupt employers have not secured insurance.

It is a matter the legislature could correct, or better still, the industry could rectify. There could be a mechanism whereby the industry could provide for employees who are injured on the job with uninsured and bankrupt companies. The legal profession assesses its members (even judges) to provide for innocent clients who fall victim to the malefactions of unworthy attorneys. Some provision should be made to cover such blameless victims as the plaintiff.

Since we conclude that 49 U.S.C. § 10927 did not invalidate or limit the employee exclusion clauses in the policies issued by defendants, the trial court's orders granting summary judgment for defendants are affirmed.

Judges WALKER and MARTIN, Mark D. concur.