**CANAL INSURANCE COMPANY,**
Plaintiff–Appellee,

v.

**Randall S. NIX, Defendant–Appellant.**

No. 98CA2028.

Colorado Court of Appeals,
Div. IV.

Nov. 12, 1999.

Certiorari Denied Aug. 21, 2000.

Wood, Ris & Hames, P.C., Mark R. Davis, Dennis A. Hanson, Denver, Colorado, for Plaintiff–Appellee.

Dwyer, Huddleson & Ray, P.C., Stephen J. Jouard, Megan L. Hayes, Fort Collins, Colorado, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

In this declaratory judgment action brought by plaintiff, Canal Insurance Company (Insurer), defendant Randall Scott Nix appeals a summary judgment determining that Insurer had no duty to defend or indemnify defendants, Nix Transport, Inc. (Nix Transport) or Terry Lynn Borth, against personal injury claims asserted by Nix. Because we agree with the trial court that the automobile liability insurance policy issued by Insurer to Nix Transport excludes coverage for bodily injury to employees such as Nix, that the exclusions are unambiguous, and that they are not contrary to the public policy of Colorado as expressed in the Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S.1999 (the No–Fault Act), we affirm.

Nix Transport is a trucking company owned by Nix's parents. Nix was injured as he was guiding a tractor trailer driven by Borth into a loading dock. Borth failed to stop in time and crushed Nix against the dock, causing massive injuries.

At the time of the accident, Nix and Borth were employed by Nix Transport, and both were acting within the scope of their employment. Nix Transport did not have workers' compensation insurance as required by the Workers' Compensation Act of Colorado, § 8–40–101, et seq., C.R.S.1999, but it did have an automobile liability insurance policy issued by Insurer that covered the tractor trailer involved in the accident.

After the accident, Insurer filed this action seeking a declaratory judgment that it had no duty under its automobile liability insurance policy to defend or indemnify Nix Transport or Borth in any tort action filed by

Nix for personal injuries sustained in the accident. The trial court agreed and entered summary judgment for Insurer.

## I.

Nix first contends the employee exclusion provisions in Insurer's policy are ambiguous and should be construed against Insurer and in favor of coverage. We disagree.

An insurance policy is a contract, the interpretation of which is a matter of law that we review *de novo*. The policy will be enforced as written unless it is ambiguous. A policy provision is ambiguous if it is reasonably susceptible on its face to more than one interpretation. *State Farm Mutual Automobile Insurance Co. v. Stein*, 940 P.2d 384 (Colo.1997).

In determining whether there is an ambiguity in a policy provision, we evaluate the policy as a whole and construe the language in harmony with the plain meaning of the words employed. A disagreement between the parties regarding the meaning of a policy term does not create an ambiguity. *State Farm Mutual Automobile Insurance Co. v. Stein, supra.*

Here, the policy issued to Nix Transport contains certain exclusions that were intended to be compatible with the requirements of the Workers' Compensation Act, and to prevent the payment of double premiums and the need for unnecessary coverage by insurers. The policy specifically excludes:

> any obligation for which the *insured* or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law [and] ...
>
> *bodily injury* to any employee of the *insured* arising out of and in the course of his employment by the *insured* or to any obligation of the *insured* to indemnify another because of damages arising out of such injury ... (original emphasis).

The policy also excludes "any person while engaged in the business of his employer with respect to *bodily injury* to any fellow employee of such person injured in the course of his employment." (original emphasis).

The plain meaning of these exclusions is that an injury to an employee under these circumstances is not covered by the policy. We perceive no ambiguity and conclude that, absent a determination that the exclusions contained in Insurer's automobile liability policy are contrary to public policy, the policy must be given effect as written.

## II.

Nix next contends the employee exclusions contained in Insurer's automobile liability policy are contrary to the public policy of Colorado as expressed in the No–Fault Act and are therefore void. We disagree.

The No–Fault Act authorizes conditions and exclusions if they are not inconsistent with the requirements of the Act. Section 10–4–712(1), C.R.S.1999. But, even an unambiguous policy provision may be void and unenforceable if it violates public policy by attempting to dilute, condition, or limit statutorily mandated coverage. *See Farmers Insurance Exchange v. Dotson*, 913 P.2d 27 (Colo.1996) (holding that a named insured exclusion in an automobile liability insurance contract was contrary to the public policy of the No–Fault Act); *Newton v. Nationwide Mutual Fire Insurance Co.*, 197 Colo. 462, 594 P.2d 1042 (1979) (holding that set-off provisions in an insurance policy that allowed an uninsured motorist award to be reduced by personal injury protection (PIP) amounts violated public policy).

The General Assembly's intent in enacting the No–Fault Act was "to avoid inadequate compensation to victims of automobile accidents ... and ... also [to] provid[e] benefits to persons occupying [motor] vehicles and to persons injured in accidents involving such vehicles." Section 10–4–702, C.R.S. 1999. The Act should be liberally construed to further its remedial and beneficent purposes. *Allstate Insurance Co. v. Smith*, 902 P.2d 1386 (Colo.1995).

The standard of review for statutory construction is *de novo*. *Watson v. Vouga*

*Reservoir Ass'n,* 969 P.2d 815 (Colo.App. 1998).

A court's primary task in construing a statute is to give effect to the intent of the General Assembly. The plain language of the statute should be considered first. *Kinder v. Industrial Claim Appeals Office,* 976 P.2d 295 (Colo.App.1998). To the extent legislative intent is unclear, courts should construe the entire statutory scheme in a manner that gives consistent, harmonious, and sensible effect to all its parts. *Merchants Oil, Inc. v. Anderson,* 897 P.2d 895 (Colo.App.1995).

In support of his argument that the employee exclusions contained in Insurer's automobile liability policy are contrary to public policy, Nix relies on § 10–4–706(1)(a), C.R.S. 1999, which states in pertinent part that:

> (1) Subject to the limitations and exclusions authorized by [the No–Fault Act], the minimum coverages *required* for compliance with [the No–Fault Act] are as follows:
>
> (a) Legal liability coverage for bodily injury or death arising out of the use of the motor vehicle to a limit, exclusive of interest and costs, of twenty-five thousand dollars to *any one person* in any one accident and fifty thousand dollars to all persons in any one accident ... (emphasis added).

In *Finizio v. American Hardware Mutual Insurance Co.,* 967 P.2d 188 (Colo.App.1998), a division of this court concluded that a policy provision was inconsistent with the requirements of the No–Fault Act because it improperly narrowed the class of insureds to whom the insurer was required to provide coverage. The division held that liability coverage required by § 10–4–706(1)(a) must include "any person using the described motor vehicle with the permission of the named insured." *Finizio v. American Hardware Mutual Insurance Co., supra,* 967 P.2d at 190.

However, the *Finizio* court did not have to consider, as we do, the interplay between the No–Fault Act and the Workers' Compensation Act. As noted earlier, the policy issued to Nix Transport contained specific exclusions intended to be compatible with the requirements of the Workers' Compensation Act. Under the Workers' Compensation Act, an employer that has obtained workers' compensation insurance is immune from suit, and the remedies allowed under the provisions of the Act are the injured employee's exclusive remedies. Section 8–41–102, C.R.S.1999.

Even if an employer has failed to obtain workers' compensation insurance, as occurred here, the injured employee still has a remedy. The employee may elect to bring a common law tort action or may seek workers' compensation benefits. *See* §§ 8–41–102 and 8–43–408, C.R.S.1999; *Cook v. McLister,* 820 P.2d 1167 (Colo.App.1991). The employee who elects workers' compensation benefits is entitled to full compensation plus a fifty percent penalty from the non-complying employer. Section 8–43–408(1), C.R.S.1999.

Thus, contrary to Nix's contention, he was entitled to adequate compensation from his employer under the Workers' Compensation Act. As the trial court observed:

> Nix is entitled to adequate compensation under Colorado law. [His] choice to seek a civil suit against Nix Transport and Terry Borth rather than seek the benefits available to him under this statutory scheme cannot control the validity of [Insurer's] exclusionary provisions.

Nor do we agree with Nix that the existence of an employee exclusion in § 42–7–413(3), C.R.S.1999, of the Motor Vehicle Financial Responsibility Act suggests that the General Assembly intended no such exclusion in the No–Fault Act.

The No–Fault Act and the Motor Vehicle Financial Responsibility Act, § 42–7–101, et seq., C.R.S.1999, should be construed together because they both concern automobile insurance. *See Kinder v. Industrial Claim Appeals Office, supra* (when two or more statutes address the same subject matter, the statutes should be construed together).

However, we view the employee exclusion in § 42–7–413(3) as a specific indication of the General Assembly's intent that employee injuries be covered by the Workers' Compensation Act where it is applicable.

In summary, Nix was an employee who was injured in the course of his employment.

His employer did not have workers' compensation insurance at the time of the accident, but Nix was entitled to receive from his employer, at his election, full benefits under the Workers' Compensation Act plus a fifty percent penalty based on the employer's noncompliance with the Act. *See* § 8–43–408. Because Nix was entitled to receive adequate compensation, the exclusions in the policy do not conflict with the General Assembly's stated goal in the No–Fault Act of avoiding inadequate compensation to victims of automobile accidents.

We therefore conclude, as did the trial court, that the employee exclusions in Insurer's policy are authorized by § 10–4–712(1), that they are not inconsistent with the requirements of the No–Fault Act, and that they do not violate public policy.

### III.

Nix's final contention is that the employee exclusions in the policy are invalid under 49 U.S.C. § 13906 (1998), which requires interstate carriers to post security for bodily injury to "an individual." We are not persuaded.

The Federal Highway Administration has promulgated a regulation interpreting 49 U.S.C. § 13906 that specifically allows for employee exclusions. 49 C.F.R. § 387.15 (1999). Nix maintains, however, that 49 C.F.R. § 387.15 is inconsistent with the language in 49 U.S.C. § 13906 requiring coverage for any individual. *See Ashton v. Pierce,* 716 F.2d 56 (D.C.Cir.1983) (for regulations to be valid, they must be consistent with the statute under which they were promulgated).

Considerable weight should be accorded to an executive department's construction of a statutory scheme that it is entrusted to administer, *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), and Nix has not provided us with any authority suggesting that 49 C.F.R. § 387.15 is invalid.

Accordingly, we reject Nix's contention that the employee exclusions in the policy are invalid under 49 U.S.C. § 13906, and his related argument that the Federal Highway Administration exceeded its discretion by issuing this regulation. *See Hand v. Connecticut Indemnity Co.,* 124 N.C.App. 774, 478 S.E.2d 661 (1996) (holding that 49 U.S.C. § 10927, the precursor of 49 U.S.C. § 13906, did not invalidate or limit the employee exclusion clauses in the insurance policies at issue).

Judgment affirmed.

Judge JONES and Judge BRIGGS concur.