**ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,
Plaintiff–Appellee,**

v.

**MID–CENTURY INSURANCE
COMPANY, Defendant–
Appellant.**

No. 99CA2487.

Colorado Court of Appeals,
Division II.

Jan. 4, 2001.

Law Offices of Taylor & McQuiston, Doug-
las I. McQuiston, Denver, CO, for Plaintiff–
Appellee.

Levy & Lambdin, P.C., Suzanne Lambdin,
Englewood, CO, for Defendant–Appellant.

Opinion by JUDGE JONES.

In this case involving an automobile insur-
ance coverage dispute, defendant, Mid–Cen-
tury Insurance Company (Mid–Century), ap-
peals the summary judgment entered against
it and in favor of plaintiff, St. Paul Fire and
Marine Insurance Company (St. Paul). We
affirm.

Mid–Century issued a personal automobile policy to Larry Richardson, which contained a business use delivery exclusion. St. Paul issued a commercial general liability policy to Richardson's business.

On April 24, 1994, an employee of Richardson's business used the automobile covered under the Mid–Century policy, with the permission of Richardson, to conduct business-related activities namely, delivering pizzas. During the course and scope of his employment, the employee was involved in an accident while driving Richardson's vehicle. Mid–Century denied liability coverage, asserting the business use delivery exclusion in Richardson's insurance policy.

The exclusion at issue reads as follows:

Bodily injury or property damage arising out of ownership, maintenance or use of any vehicle by any person employed or otherwise engaged in a business other than the business described [elsewhere, not relevant here].

. . .

However, this exclusion does apply to any vehicle ... [w]hile used in employment by any person whose primary duties are the delivery of products or services. . . .

Thus, as written, the exclusion would apply under the circumstances here.

St. Paul commenced this suit, asking that Mid–Century be required to provide coverage and claiming that the exclusion invoked in the Mid–Century policy was invalid and unenforceable.

Both parties filed motions for summary judgment. Upon review of the motions the trial court denied Mid–Century's motion and granted St. Paul's. This appeal followed.

The sole issue on appeal is whether the trial court erred in determining that the exclusion is unenforceable. We conclude that it did not err.

■■■ Summary judgment is a drastic remedy, only appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment is proper, the nonmoving party is entitled to the benefit of all favorable inferences that may reasonably be drawn from the undisputed facts, and all doubts must be resolved against the moving party. *Bebo Construction Co. v. Mattox & O'Brien,* 990 P.2d 78 (Colo.1999).

The parties entered into a stipulation of undisputed facts and requested judgment as a matter of law on the legal question of whether the business use delivery exclusion was valid and enforceable under § 10–4–701, et seq., C.R.S.2000, the Colorado Automobile Accident Reparations Act (the No Fault Act). The trial court determined that the business use delivery exclusion was invalid and unenforceable under the No Fault Act.

■■■ The interpretation of a statute is a question of law which we review *de novo.* A court must give full effect to legislative intent. If the statute is clear and unambiguous, we must give effect to the commonly accepted meaning of the words used. *Brock v. Nyland,* 955 P.2d 1037 (Colo.1998).

■■■ The No Fault Act specifically defines the class of individuals who must be covered under automobile insurance policies. The coverage must extend to individuals who occupy the insured automobile with the consent of the insured. *McConnell v. St. Paul Fire & Marine Insurance Co.,* 906 P.2d 109 (Colo.1995). In other words, an insurance policy may not deny coverage to permissive users, *i.e.,* those occupying the vehicle with the consent of the insured. *Metropolitan Property & Casualty Insurance Co. v. Hertz Corp.,* 981 P.2d 1091 (Colo.1999).

■■■ For the business delivery exclusion to be enforceable, it must be authorized by statute or be in harmony with the legislative purpose of mandating liability coverage to avoid inadequate compensation. *Farmers Insurance Exchange v. Dotson,* 913 P.2d 27 (Colo.1996). To be in harmony with the legislative purpose, it must not dilute, condition, or limit statutorily mandated coverage. *Aetna Casualty & Surety Co. v. McMichael,* 906 P.2d 92 (Colo.1995).

It is undisputed that the exclusion at issue here dilutes, conditions, and limits statutorily mandated coverage. The exclusion narrows

the class of insureds to whom the insurer is required to provide coverage, namely, permissive users. *See Canal Insurance Co. v. Nix*, 7 P.3d 1038 (Colo.App.1999). Thus, we must examine the No Fault Act to ascertain whether the General Assembly has authorized such an exclusion.

The General Assembly has authorized certain exclusions to the No Fault Act that are in conformity with public policy and not inconsistent with the Act. *See* §§ 10–4–712(1) and 10–4–712(2), C.R.S.2000; *Chacon v. American Family Mutual Insurance Co.*, 788 P.2d 748 (Colo.1990). However, if the General Assembly had intended to broaden the class of valid exclusions beyond those specifically cited in the Act, it would have explicitly done so.

We acknowledge that the "General Assembly may at any time establish a rule of law contrary to a nonconstitutional rule of law previously articulated by [our courts]." *Farmers Insurance Exchange v. Dotson, supra*, 913 P.2d at 33–34 (quoting *Coffman v. State Farm Mutual Automobile Insurance Co.*, 884 P.2d 275, 281 (Colo.1994)). However, it has not done so as to the exclusion at issue here.

The undisputed facts establish that the employee was a permissive user of Richardson's car, and, during this "permissive use," the accident giving rise to this dispute occurred. Because the Act requires that a complying policy cover permissive users, *Metropolitan Property & Casualty Insurance Co. v. Hertz Corp., supra*, we determine that the trial court correctly concluded that the business use delivery exclusion is invalid and unenforceable under the No Fault Act and properly granted summary judgment in favor of St. Paul.

Accordingly, the judgment is affirmed.

DAVIDSON and VOGT, JJ., concur.